UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| D. BART ROCKETT,        *as next friend of his minor children K.R. and B.R.*,        Plaintiff, v. THE HONORABLE ERIC D. EIGHMY ,        Defendant. | Case No. 6:21-cv-03152-MDH |

### **Plaintiffs' Motion to Compel Compliance with their Subpoena Duces Tecum on the Custodian of Records, Missouri Commission on Retirement, Discipline, and Removal of Judges**

Plaintiffs D. Bart Rockett, as next friend of his minor child B.R., and Plaintiff Kadan Rockett, by undersigned counsel, state as follows for their Motion to Compel Compliance with their Subpoena Duces Tecum on the Custodian of Records, Missouri Commission on Retirement, Discipline, and Removal of Judges:

### **I.    Questions Presented**

(1)    Are Commission records responsive to a properly served Subpoena Duces Tecum discoverable under Fed. R. Civ. P. 45 notwithstanding Missouri Supreme Court Rule 12?

(2)    Did Judge Eighmy waive any privilege in his own Commission records on judicial complaints or discipline by making a partial production in written discovery in this case?

(3)    Can Plaintiffs claim attorney's fees as a sanction given that the Supremacy Clause of the United States Constitution, Article VI, ¶ 2, and Fed. R. Evid. 501 supersede Missouri Supreme Court Rule 12?

## II.     Procedural Posture

Pursuant to Fed. R. Civ. P. 45, the Rocketts served a subpoena duces tecum on the Custodian of Records for the Commission on January 25, 2024, and the Commission's counsel accepted service on February 5, 2024. The subpoena sought:

> All documents generated in any investigation by the Commission into Judge Eric D. Eighmy as to his incarceration of Kadan Rockett and his minor sister B.R. on October 8, 2019 at the Taney County Courthouse, as well as investigations into any other complaints against Judge Eighmy.

*See* Exhibit 1 (Subpoena Duces Tecum on the Commission).

The deadline for compliance was February 16, 2024 at 10:00 a.m. at the law offices of Plaintiffs' counsel. In response to the Rocketts' subpoena, the Commission made a timely but only partial production consisting solely of the Rocketts' written complaint against Judge Eighmy that had been sent to the Commission and the letters the Commission sent the Rocketts and the Judge in response. The Commission did not produce Judge Eighmy's written statements to the Commission, nor those of any other witnesses to the incarceration of the Rockett children, nor any other investigatory records. Nor did the Commission produce records of any other complaints made against Judge Eighmy. While the Commission objected to further production of documents to Plaintiffs, the Commission did not file a motion to quash. *Compare* Rule 45(d)(2) and (3). Nor did the Commission identify what documents are being withheld. Rule 45(e)(2)(A)(ii).

Separately, Judge Eighmy waived any privacy interest he has in such other complaints by making a partial production of four pages as to a complaint against him by a Mr. Shane Briley on or around May 23, 2022, in response to Mr. Rockett's Requests for Production upon Judge Eighmy. *See* Ex. 2 (Judge Eighmy's Response to Plaintiff's First RFP No. 5). Further, Judge Eighmy disclosed in his deposition testimony at least one other complaint involving his hearing a case where he had previously served as a Guardian Ad Litem for one of the parties. Judge Eighmy

subsequently recused. *See* Ex. 3 (Eighmy Dep. 173-75, 177-79). These complaints were not marked Confidential or Attorney's Eyes Only by Judge Eighmy or his counsel under the Protective Order.

As to the subpoena, undersigned counsel for Plaintiffs and counsel for the Commission[1] have conferred multiple times by telephone, letter exchange, and email to attempt to resolve the issue. That includes a telephone call on February 6, 2024; formal letters dated February 13 and March 1, 2024 citing legal authority; and additional emails back and forth. The Rocketts also produced a copy of the Court's Protective Order, which provides that requested document production could be marked Confidential or even Attorney's Eyes Only pursuant to the Order. While counsel have engaged in good faith and with professional courtesy, it appears to Plaintiffs that the non-party Commission's arguments are unsupported by law or any reasonable modification of law giving the Supremacy Clause of the United States Constitution and Fed. R. Evid. 501.

Since the discovery motion deadline is this Friday, April 26, 2024, and the discovery window otherwise rapidly closing, then the issue is ripe for review.

## III. Discussion

It appears that the position of the Commission is that it will produce to Plaintiffs the underlying complaint against Judge Eighmy made by Plaintiff Bart Rockett to the Commission, and the ultimate disposition, but not any other records related to its investigation including Judge Eighmy's written response to the underlying complaint. Further, it appears that it is the position

---

[1] Both defendant Judge Eighmy and non-party Commission are represented by separate sets of counsel from the Missouri Attorney General's Office. Initially, counsel for Plaintiffs conferred with in-house counsel for the Commission before conferring with counsel from the Missouri Attorney General's Office. Before filing this motion, undersigned counsel served a copy of this motion to counsel for the Commission.

of the Commission that Plaintiffs should petition the Missouri Supreme Court (that is, file a Missouri state court petition) under Missouri Supreme Court Rule 12 to obtain the discovery they seek.[2]

The Federal Rules of Civil Procedure provide for broad discovery with the aim of "'full and equal mutual discovery in advance of trial' to prevent surprise and prejudice." 4 Moore Federal Practice, 26.02[2]. The federal rules create a procedure to require disclosure and eliminate surprise at trial. *Hickman v. Taylor,* 329 U.S. 495(1947). This policy is particularly important in police misconduct cases because "enforcement is placed in the hands of the people. Each citizen 'acts as a private attorney general who takes on the mantel of the sovereign,' guarding for all of us the individual liberties enunciated in the Constitution." *Wood v. Breier,* 54 F.R.D. 7, 111 (E.D. Wis. 1972).

Plaintiffs appreciate that Missouri Supreme Court Rule 12 provides for a method at state law to petition the Missouri Supreme Court. But a subpoena issued by a federal district court pursuant to a federal question case brought under 42 U.S.C. § 1983 is not subject to state law rules. Under the Supremacy Clause of the United States Constitution, Article VI, ¶ 2, federal and not state law applies. Nor are there concerns around comity or abstention apply here, nor has the Commission apparently raised them.

The Eighth Circuit has denied Judge Eighmy's assertion of judicial immunity. *See Rockett v. Eighmy,* 71 F.4th 665 (8th Cir. 2023). This Court has entered a Protective Order that provides for a method for records to be designated as Confidential or even Attorney's Eyes Only, so the records can otherwise protected from general public disclosure. Judge Eighmy himself is a party

---

[2] Plaintiffs prefer not to characterize another's position, particularly a non-party, but given the procedural posture of this motion, then Plaintiffs must do so as part of their history of their meet and confer.

4

to this case, and his counsel at the Missouri Attorney General's Office agreed to and are governed by the Protective Order. A copy was previously and timely sent to the Commission's Custodian of Records in connection with the meet and confer as to the Subpoena Duces tecum.

State law privileges, including state statutes, do not apply in a federal question case. *See* Fed. R. Evid. 501. Notwithstanding Missouri Rule 12, no federal common law privilege that would prevent disclosure of the records that Plaintiffs seek. "Federal common law recognizes a privilege only in rare situations." *In re Grand Jury Subpoena Duces Tecum,* 112 F.3d 910, 918 (8th Cir. 1997). Indeed, federal courts generally will not recognize a privilege unless the reasons for doing so outweigh the need for truth. *See United States v. Nixon,* 418 U.S. 683, 709-10 (1974); *Jaffee v. Redmond, 518* U.S. 1, 9 (1996).

Congress passed the Ku Klux Klan Act of 1871, 42 U.S.C. § 1983, precisely to prevent the sort of abuses of the United States Constitution by state and local government officials during Reconstruction, including judges, alleged here.[3] As a matter of originalism, at least one scholar has found that only 13 out of the 37 states recognized absolute immunity for judges at the time.[4]

---

[3] "The model for Section 1983 was the second section of the Civil Rights Act of 1866, and 'that section provides a criminal proceeding in identically the same case as this one provides a civil remedy for.'" Cong. Globe, 42nd Cong., 1st Sess. 68 (App.) (1871). And, unquestionably the 1866 Civil Rights Act was intended to open state judges to criminal liability. "I answer it is better to invade the judicial power of the States than permit it to invade, strike down, and destroy the civil rights of citizens." Cong. Globe, 39th Cong., 1st Sess. 1837 (1866) (remarks of Rep. Lawrence). Another lawmaker attacked the idea of judicial immunity itself, adding that if a judge was "knowingly, viciously, or oppressively, in disregard of a law of the United States, I repeat, he ought to be punished . . . ." Id. at 1758 (remarks of Rep. Trumbull).

[4] J. Randolph Block, *Stump v. Sparkman and the History of Judicial Immunity,* 1980 Duke L.J. 878, 899 (1980), cited favorably by *Forrester v. White,* 484 U.S. 219, 225 (1988). *See also* generally Brief of Amicus Curiae the Institute for Justice, *Rockett v. Eighmy,* No. 21-3903 at *6 (8th Cir. April 18, 2023).

As detailed above, Plaintiffs hereby certify that they have conferred about the Subpoena Duces Tecum with counsel for the Commission by telephone, letter exchange and email. Under Fed. R. Civ. P. 37(a)(1) and W.D. L.R. 37.1, it does not appear that Plaintiffs are required to engage in a conference call with the Court. If the Court would welcome a conference all, then Plaintiffs will of course appear.

### IV. Attorney's Fees

"The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). Attorney's fees are discretionary. *Simpson v. Magnum Piering, Inc.,* No. 4:17-cv-00731-NKL at *9 (W.D. Mo. July 9, 2018). But they are mandated by the language of Rule 37(d)(3) unless there are substantially justified arguments in support of noncompliance. *J.B. v. Avilla R-XIII Sch. Dist.,* No. 09-05099-CV-SW-SWH at*4 (W.D. Mo. Mar. 31, 2012).

The Commission did not comply with the subpoena by asserting state law arguments that are patently inapplicable under the Supremacy Clause and Fed. R. Evid. 501. In asserting state law privilege and Missouri Rule 12, the Commission has forced Plaintiffs to bring a motion to compel. Plaintiffs believe that they have perfected their obligations before bringing this motion by conferring in good faith with the Commission. As such the sanction of attorney's fees against the Commission is warranted.

### V. Conclusion

Missouri Supreme Court Rule 12 does not bar production of the Commission records sought under Fed. R. Civ. P. 37 and 45. The Protective Order provides additional protection for

6

the documents sought. Further, defendant Judge Eighmy has waived any privilege or privacy interest in his Commission file by his partial production of other responsive records.

WHEREFORE Plaintiffs pray the Court GRANT Plaintiffs' Motion to Compel Compliance with their Subpoena Duces Tecum on the Custodian of Records, Missouri Commission on Retirement, Discipline, and Removal of Judges; to provide leave for Plaintiffs to submit a bill for their reasonable attorney's fees; and to grant such other relief as may be just, meet and reasonable.

Respectfully submitted,

*Counsel for Plaintiffs*

/s/ Hugh A. Eastwood
Hugh A. Eastwood, E.D. Mo. Bar No. 62058MO,
*admitted pro hac vice pursuant to L.R. 83.5(b)(1)*
Attorney at Law
7911 Forsyth Blvd., Ste. 300
St. Louis, Missouri 63105-3825
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 228 0107 eFax

  /s/ W. Bevis Schock   .
W. Bevis Schock, MBE # 32551
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

/s/ Christopher R. Hoell
Christopher R. Hoell, 54011MO
7911 Forsyth Blvd., Suite 300
Clayton, MO 63105
Phone: (314) 441-6559
E-mail: crh@hoell-law.com

7

## Certificate of Service

The undersigned certifies that on April 26, 2024 he filed this document with the District Clerk to be served by operation of the Court's CM/ECF system upon all counsel of record.

*/s/ Christopher R. Hoell, 54011MO*