UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| D. BART ROCKETT, <br>     *as next friend of his child B.R., et al.,* <br><br>     Plaintiffs, <br><br> v. <br><br> THE HONORABLE ERIC D. EIGHMY, <br>     *in his individual capacity only,* <br><br>     Defendant. | No. 6:21-cv-03152-MDH |

### Plaintiffs' Motions *in Limine*

Plaintiffs, by undersigned counsel, state as follows for their Motions *in Limine*:

**I.**     **Standard of Review**

Federal Rule of Evidence 401 defines relevant evidence as that which (1) "has any tendency to make a fact more or less probable than it would be without the evidence," where (2) that fact "is of consequence in determining the action." Rule 402 makes clear that irrelevant evidence is inadmissible. Rule 403 grants the court discretion to exclude otherwise-relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Eighth Circuit reviews the district court's ruling on a motion *in limine* for an abuse of discretion. *See United States v. Overton,* 971 F.3d 756, 763 (8th Cir. 2020), citing *United States v. Fincher,* 538 F.3d 868, 872 (8th Cir. 2008). An abuse of discretion occurs when a "relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper

factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *United States v. Moralez,* 808 F.3d 362, 365 (8th Cir. 2015).

**II.** **Itemized Motions in Limine**

Plaintiffs move the court to prohibit defendant Judge Eric D. Eighmy from either mentioning or referring to the following items in voir dire, opening statement, examination of witnesses, presentation of evidence, or closing argument, or at any other time in the presence of the jury:

1. Undisclosed or Surprise Witnesses and/or Evidence. Plaintiffs move to prohibit Defendant from (a) calling undisclosed witnesses and (b) offering undisclosed documents or other evidence, for such witnesses and/or evidence would violate the Scheduling and Trial Order for Jury Trial as amended, and Plaintiffs would be unprepared to respond to such undisclosed or surprise witnesses or evidence.

    Granted \_\_\_\_    Denied \_\_\_\_

2. Ongoing Work. Any assertion that a verdict against defendant Judge Eighmy will negatively affect his career, or affect the ongoing work of the Taney County Circuit Court would be irrelevant.

    Granted \_\_\_\_    Denied \_\_\_\_

3. Discipline. Any assertion that a verdict against Judge Eighmy will lead to discipline of him would be irrelevant. Fed. R. Evid. 401-402.

    Granted \_\_\_\_    Denied \_\_\_\_

4. No Charges or Discipline. Any statements that Judge Eighmy did not face charges, penalties, or discipline in connection with the incident(s) at issue in this case are irrelevant.

Also, the probative value of such statements on the disputed facts is zero and the prejudicial effect would be significant. Fed. R. Evid. 403; Fed. R. Evid. 401-402.

   Granted \_\_\_\_  Denied \_\_\_\_

5.  Mitigation of Damages. While a civil rights plaintiff has the duty of any injured tort plaintiff to mitigate, *Feldman v. Philadelphia Housing Authority*, 43 F.3d 823 (3d Cir. 1994), there is no evidence in this matter that Plaintiffs failed to mitigate their damages, and so any questions or inquiry regarding mitigation would be irrelevant.

   Granted \_\_\_\_  Denied \_\_\_\_

6.  Comparative fault does not apply to civil rights claims, *McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 739 (6th Cir. 2002), and so any inquiry or mention of comparative fault in the context of damages would be irrelevant to the disputed facts, and the prejudicial effect would be significant. Fed. R. Evid. 403.

   Granted \_\_\_\_  Denied \_\_\_\_

7.  Any other civil actions involving Plaintiffs are irrelevant, Fed. R. Evid. 401-402, and, additionally, their probative value on issues in dispute is zero and their prejudicial effect would be immense. Fed. R. Evid. 403. Plaintiffs acknowledge that the outcome of their parents' underlying custody case is necessary as background information to explain why the Rockett children were at the Taney County Justice Center on the day of their seizure by Judge Eighmy. However, the details of that lengthy and convoluted litigation are irrelevant to this case.

   Granted \_\_\_\_  Denied \_\_\_\_

8.  Opinion Testimony on Ultimate Issues from Defendant or Defendants' Non-Expert Witnesses. Any opinion from Judge Eighmy or other non-expert courthouse personnel witnesses, particularly Juvenile Officer Darlene Rea and court counselor Dr. Cindy Baker (none

of whom have been disclosed as an expert pursuant to Fed. R. Civ. P. 26(a)(2)), that Judge Eighmy acted reasonably, acted in good faith, "did their best," had probable cause or reasonable suspicion, or had constitutional authority to seize the Rockett children, or any other opinion on an ultimate legal conclusion, would not be helpful to the jury in understanding the witness's testimony or determining a fact in issue. Fed. R. Evid. 701. Further, such testimony would invade the province of the jury from a fact witness. *See* Advisory Committee Notes to Fed. R. Evid. 704, Opinion on Ultimate Issues ("Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day.").

Further, both "probable cause and qualified immunity are ultimately questions of law," and expert testimony may not be deployed to instruct the court on how to answer those questions. *Peterson v. City of Plymouth,* 60 F.3d 469, 475 (8th Cir. 1995) (citing *Estes v. Moore,* 993 F.2d 161, 163 (8th Cir. 1993)).

       Granted _____ Denied _____

9.     A Sizeable Damages Verdict Causing Plaintiffs to "Win the Lottery" or "Get Rich". Words by Judge Eighmy suggesting that a sizeable damages verdict in favor of Plaintiffs would constitute them "winning the lottery," "getting rich," or other words to that effect, would prejudicially disparage Plaintiffs and are irrelevant to the proceedings. Fed. R. Evid. 403.

       Granted _____ Denied _____

10.    Mention of Judge Eighmy's Prior Civil Litigation or Complaints. The only conceivable reason for bringing out that Judge Eighmy has had either no prior civil litigation or complaints, or that such complaints resolved in his favor, would be to put in the jury's mind that in this case

4

that such Defendant acted consistent with a "good" character trait. Prior acts (or lack thereof) are inadmissible to show conduct consistent therewith, and no exception applies. Fed. R. Evid. 404.

        Granted \_\_\_\_    Denied \_\_\_\_

11.       Mention of Judge Eighmy's Commendations and Awards. The only conceivable reason for bringing out that Judge Eighmy has Commendations and Awards would be to convince the jury of the exemplary nature of his character in order to bolster the jury's belief that in this instance Judge Eighmy acted in a manner consistent with the conduct which was connected to the Commendations and/or Awards. Such evidence, however, is inadmissible under Fed. R. Evid. 404(a)(1). Plaintiffs do not object to reasonable introductory testimony regarding background of any witness, including Judge Eighmy, and presume the Court will allow same for all parties and witnesses.

        Granted \_\_\_\_    Denied \_\_\_\_

12.       Apology. Defendants, in some civil rights cases, decide that the right approach before the jury is to express an apology to the plaintiff. An apology is irrelevant, and a spontaneous apology would be non-responsive. Plaintiffs' counsel will not open the door. Judge Eighmy should therefore be prohibited from apologizing on the stand, whether in response to a question from defense counsel or spontaneously.

        Granted \_\_\_\_    Denied \_\_\_\_

13.       Investigations by Third Parties. In this case, Bart Rockett asked each of the Forsyth Police Department and the Missouri Commission on Judicial Retirement, Removal and Discipline to investigate Judge Eighmy. Neither agency found any wrongdoing by Judge Eighmy. Any documentation around those investigations, and the decision, are hearsay and do

not fall into any hearsay exception. Fed. R. Evid. 801-807. To the extent that third-party statements are included they are not factual findings and are hearsay. *Jordan v. Binns,* 712 F.3d 1123, 1133-34 (7th Cir. 2013). Nor do the statements fall into the hearsay exception in civil cases for "factual findings from a legally authorized investigation." Fed. R. Evid. 803(8)(A)(iii); *Daniel v. Cook Cnty.,* 833 F.3d 728, 739-40 (7th Cir. 2016).

Granted \_\_\_\_  Denied \_\_\_\_

14. Dr. Cindy Baker. Plaintiffs seeks to exclude any expert or opinion testimony by counselor Dr. Cindy Baker, for the reasons already stated in Plaintiffs' *Daubert* motion which the Court denied without prejudice. Although Dr. Baker testified at her deposition that she understands that she is a fact witness, nevertheless she repeatedly—as the transcript, Ex. 1, reveals—offered up expert opinions *sua sponte,* produced exhibits *sua sponte* that she wanted read into the record, and speculated that the children were a danger, diagnosed them with PTSD by analogizing them to adult combat veterans, and approved of jailing them as a de-escalation technique (which appears to be scientifically and medically unsupported, and shocking to the conscience). As the Court already noted in its *Daubert* Order, Dr. Baker's "opinions can be summarized as giving diagnosis of the children, the 'appropriateness' of Judge Eighmy's actions, the effect Judge Eighmy's actions had on the children, the necessity of Judge's actions and other opinions." Doc. 117 at 2. Since Dr. Baker is not a party, then Plaintiffs request that the Court providing a limiting instruction to Dr. Baker out of the earshot of the jury, and that Dr. Baker be prevented from offering any such expert or opinion testimony.

Granted \_\_\_\_  Denied \_\_\_\_

15. Judge Eighmy offering any testimony by Juvenile Officer Darlene Rea based on her after-acquired information to argue that Rea and not Judge Eighmy caused the children's

seizures. Darlene Rea testified that she had no idea why the children had been brought to the Juvenile Office, or why she locked them up at Judge Eighmy's direction. *See, e.g.,* Rea Dep. 151:14 (Doc. 106-8). Later, of course, she learned more about Judge Eighmy's reasoning for bringing the children to the Juvenile Office, and some of her after-acquired knowledge led her to testify that she jailed the children for their safety, effectively bolstering his testimony that he did not cause their jailing. *See* Defendant's SUMF¶¶ 28-40 (Doc. 106 at ECF pp. 7-9). Rea, of course, works in the Taney County Justice Center where Judge Eighmy is a judge, and the Juvenile Office is under the control of the judiciary. Rea's deposition testimony came only after Plaintiffs filed their lawsuit, criticized how Judge Eighmy seized them, and Rea's statements became one of Judge Eighmy's proffered reasons for jailing the children in his summary judgment motion. Only "[s]tatements consistent with trial testimony given **before** the corrupting influence to falsify occurred are relevant to rebut a claim of contrivance." McCormick on Evidence, § 251, at 119 (4th ed. 1992) (emphasis added); *see also Lust v. Sealy, Inc.,* 383 F.3d 580, 588 (7th Cir. 2004) (Posner, J.) (rejecting after-acquired evidence given the motive to create evidence of nonliability). In other words, Rea should be instructed that she can only testify as to what she knew at the time, and not what she learned afterward.

   Granted \_\_\_\_  Denied \_\_\_\_

16. Plaintiffs' Communications with Journalists. Given the Rockett children's celebrity, their seizure was covered afterward by entertainment and tabloid news outlets. Journalists from some of those outlets contacted the children and their father Bart Rockett, for comment. By and large, Bart Rockett refrained from comment, although he did make limited statements that do not appear to be material to any of the issues for the jury. Any reporting in the press is hearsay without an exception. Fed. R. Evid. 803. Since those communications obviously occurred *after*

7

the Rockett children's seizure, they played no role in the seizure. Finally, any argument about Bart Rockett's motives in communicating with journalists would confuse the jury, and be more prejudicial than probative. Fed. R. Evid. 403.

      Granted \_\_\_\_    Denied \_\_\_\_

17.    Plaintiffs' Communications on Social Media. Given the Rockett children's celebrity, their seizure was addressed in their social media, which is managed by their father Bart Rockett. By and large, Bart Rockett refrained from comment, although he did make limited statements that do not appear to be material to any of the issues for the jury. Since those communications occurred after the Rockett children's seizure, they obviously no role in the seizure. Finally, any argument about Bart Rockett's motives in communicating with journalists would confuse the jury, and be more prejudicial than probative. Fed. R. Evid. 403.

      Granted \_\_\_\_    Denied \_\_\_\_

18.    Plaintiffs' Parents' Marital Issues. Each Rockett child briefly testified in his and her deposition about their parents' marital issues. Judge Eighmy has not produced any causation evidence to link this to the children's garden variety emotional distress for being seized. Accordingly, such evidence should be excluded as confusing, misleading, and more prejudicial than probative. Fed. R. Evid. 403.

      Granted \_\_\_\_    Denied \_\_\_\_

19.    Details of other cases involving seizing or jailing children. Plaintiffs will ask Judge Eighmy, Juvenile Officer Darlene Rea, court counselor Dr. Baker and Deputy Juvenile Officer Scott Gillum generalized questions about their conduct in other questions involving the seizure or jailing of children, and such cases in aggregate. They will not open the door, however, to the details of those cases. These witnesses should not be permitted to *sua sponte* offer such details

8

Case 6:21-cv-03152-MDH   Document 124   Filed 11/11/24   Page 8 of 10

to analogize the Rockett children to children in particularized other cases. Accordingly, such evidence should be excluded as confusing, misleading, and more prejudicial than probative. Fed. R. Evid. 403.

Granted \_\_\_\_    Denied \_\_\_\_

20. The Second Seizure. Plaintiffs are not arguing here a motion *in limine* to exclude evidence, but rather giving notice of intent to admit the second seizure of the children in Louisiana that was caused by Judge Eighmy's Pick Up Order. Plaintiffs assert that Judge Eighmy's subsequent order is admissible evidence, even if Judge Eighmy is immune for that order. That is based on the Supreme Court's holding—issued after the Eighth Circuit's opinion in this case—as to such evidence in *Trump v. United States,* 603 U.S. \_\_\_, No. 23-939, (Barrett, J., concurring) at 5-7 (discussing admissibility of evidence of immune acts with a limiting instruction to consider it for lawful purposes); (Sotomayor, J., dissenting) at 25-47 (evidentiary rulings and limiting instructions can ensure that evidence concerning [immune] official acts is "considered only for the proper purpose for which it was admitted."). *See* Fed. R. Evid. 404(b)(2) ("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.").

WHEREFORE the Rockett Plaintiffs pray the Court to GRANT Plaintiffs' Motions *in Limine*; and to grant such other relief as may be just, meet and reasonable.

Dated: November 11, 2024          Respectfully submitted,

*Counsel for Plaintiffs*

/s/ Hugh A. Eastwood
Hugh A. Eastwood, 62058MO
Attorney at Law
8112 Maryland Ave., Suite 400

9

St. Louis, Missouri 63105-3700
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 228 0107 eFax

　/s/ W. Bevis Schock　.
W. Bevis Schock, 32551MO
Attorney for Plaintiff
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:　 314-721-1698
Voice:  314-726-2322

By /s/ Christopher Hoell
Christopher Hoell, #54011
Law Office of Chris Hoell, LLC
7911 Forsyth Blvd., Ste. 300
Clayton, Mo 63105
Phone: (314) 537-3977
crh@hoell-law.com

**Certificate of Service**

The undersigned certifies that this document was filed with the Clerk of the Court on November 11, 2024 to be served by operation of the Court's CM/ECF system on all counsel of record.

*/s/ Hugh A. Eastwood*

10

Case 6:21-cv-03152-MDH    Document 124    Filed 11/11/24    Page 10 of 10