UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| D. BART ROCKETT, <br>     *as next friend of his minor child B.R.,* <br>     *et al.,* <br><br>     Plaintiffs, <br><br> v. <br><br> THE HONORABLE ERIC D. EIGHMY, <br>     *in his individual capacity only,* <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 6:21-cv-03152-MDH |

## The Rockett Plaintiffs' Trial Brief re: Reputational Damages

1. The issue of reputational damages has emerged as a repeated source of objection as the evidence has come in so far during trial.

2. The Supreme Court has held that reputation damages are a <u>subset</u> of actual or compensatory damages in Section 1983 cases. *Memphis Community Sch. Dist. v. Stachura,* 477 U.S. 299, 307 (1986) (explaining that compensatory damages in a § 1983 action could include damages for "such injuries as impairment of reputation"). This is expressly contemplated by the Eighth Circuit Manual of Model Civil Jury Instructions 4.70 (Actual Damages), which states in Committee Comment:

> Damages that may be recovered under 42 U.S.C. § 1983 are: actual or compensatory, nominal, and punitive. *Memphis Community School Dist.,* 477 U.S. at 306-07. Actual or compensatory damages are to "compensate persons for injuries that are caused by the deprivation of constitutional rights," and not "undefinable value of infringed right" or "presumed" damages. *Id.* at 307, 309; *see also Corpus v. Bennett*, 430 F.3d 912, 916 (8th Cir. 2005); *Carey v. Piphus,* 435 U.S. 247 (1978). Such damages include compensation for out-of-pocket loss, other monetary losses, **reputation impairment**, personal humiliation, mental anguish, and suffering. *Memphis Community School Dist.,* 477 U.S. at 306-07. Compensatory damages based on emotional distress "can be awarded . . . even though no actual damages are proven." *Hayes v. Faulkner Cty., Ark.,* 285 F. Supp. 2d 1132, 1144-45 (E.D. Ark. 2003), *aff'd,* 388 F.3d 669 (8th Cir. 2004) (citing *Guzman v.*

*W. State Bank of Devils Lake,* 540 F.2d 948, 953 (8th Cir. 1976)).

3. The Eighth Circuit and other circuits have consistently held that reputational damages can flow from a seizure and due process violations. *See Garmon v. Faust,* 668 F.2d 400, 406 (8th Cir. 1982) (rejecting state-law tort analogies limiting evidence for reputational damage given broad, remedial purpose of Section 1983's purpose to remedy deprivation of civil rights in the context of the Statute of Limitations); *see also Taylor v. Kavanagh,* 640 F.2d 450, 453 (2d Cir. 1981) (discussing damages to character from press reports, albeit in context of intentional leaking by prosecutor for which absolute immunity did not apply); *Marrero v. City of Hialeah,* 625 F.2d 499, 514 (5th Cir. 1980) ("to the extent the unconstitutional [Fourth Amendment] conduct caused injury to appellants' personal or business reputations, the injury is compensable [under §1983] as an element of damages flowing from the unlawful conduct.").

4. That is true where, as here, there is a fear of as how to others were reacting that caused immense stress (loss of children's friendships and invitations, as well as being "damaged goods" in the entertainment gig work context). It is equally true where, as here, the information was readily available to anyone (a simple Google search or social media search). *See, e.g., Suggs v. Stanley,* 324 F.3d 672, 680 (8th Cir. 2003) (applying Arkansas law to permit plaintiff to testify as to her belief as to the effect of damaging allegations against her reputation in a public record).

5. Further, character reputation evidence is an exception to hearsay. Fed. R. Evid. 803(21).

6. The Rockett children have pled a deprivation of their constitutional rights. Although reputational harm was not itemized as a line-item on their Rule 26 disclosures, nevertheless by law it is a subset of their rights deprivation, and there was ample notice and inquiry on this issue during discovery such that there is no prejudice or unfair surprise.

Dated: December 10, 2024                    Respectfully submitted,

2

Case 6:21-cv-03152-MDH    Document 160    Filed 12/10/24    Page 2 of 3

*Counsel for Plaintiff D. Bart Rockett as next friend of his minor child B.R. and Plaintiff Kadan Rockett*

/s/ Hugh A. Eastwood
Hugh A. Eastwood, 62058MO
Attorney at Law
8112 Maryland Ave., Suite 400
St. Louis, Missouri 63105-3700
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 228 0107 eFax

/s/ W. Bevis Schock
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO 63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

/s/ Christopher R. Hoell
Christopher R. Hoell, 54011MO
Law Office of Chris Hoell
7911 Forsyth Blvd., Suite 300
Clayton, MO 63105
Phone: (314) 441-6559
E-mail: crh@hoell-law.com

**Certificate of Service**

The undersigned certifies that on December 10, 2024 that (s)he filed this document with the District Clerk to be served on all counsel of record by operation of this Court's CM/ECF system.

*/s/ Hugh A. Eastwood*