UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| D. BART ROCKETT,<br>    *as next friend of his minor child B.R.,*<br>    *et al.,*<br><br>    Plaintiffs,<br><br>v.<br><br>THE HONORABLE ERIC D. EIGHMY,<br>    *in his individual capacity only,*<br><br>    Defendant. | No. 6:21-cv-03152-MDH |

## The Rockett Plaintiffs' Opposition to
## Defendant Judge Eighmy's Motion to Alter or Amend the Judgment

    Judge Eighmy has moved this Court to alter or amend the Judgment [Doc. 181], citing Rule 59(e), Fed. R. Civ. P., to reduce the Rockett Plaintiffs' awarded damages to Zero Dollars ($0) or, alternatively, to the amount of One Dollar ($1) each (a total of $2). Since ample evidence supports the jury's award of $5,000 damages to each child, and since the correct standard of review is to view the evidence in the light most favorable to the jury verdict, then this Court should deny Judge Eighmy's motion. Further, the initial, rejected verdict of $0 was inconsistent as a matter of law in that once the jury had found in favor of Plaintiffs, Element Third of the verdict director required a finding of damage to each child.

    In issuing a nominals instruction after this mid-deliberation conference, the Court gave the jury the opportunity to find for defendant Judge Eighmy on the seizure claim, just as much as it did for the jury to award nominal or actual damages. There is no manifest error of law of fact requiring the Court to disregard the jury's final, consistent verdict.

## I. Standard of Review

While the text of Rule 59(e) provides little guidance, the Eighth Circuit has set the parameter: "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)[.]" *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Id*. (citation and internal quotations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id*. Rule 59(e) permits a court to alter or amend a judgment, but it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Wright & Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995); *see also Clemens v. Local One, Serv. Emps. Int'l Union,* No. 17-2381, 2019 WL 5579584, at *1 n.1 (E.D. Mo. Oct. 29, 2019), *aff'd,* 817 Fed. App'x 297 (8th Cir. 2020) ("A Rule 59(e) motion is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." (citation and internal quotations omitted)).

A Rule 59(e) motion to alter or amend the judgment is analyzed under an abuse-of-discretion standard of review. *Avon State Bank v. Bancinsure, Inc.,* 787 F.3d 952 n.3 (8th Cir. 2015). Where the Rule 59(e) motion seeks review of a purely legal question, an abuse-of-discretion standard does not mean a mistake of law is beyond appellate correction. *Id.* (cleaned up). While courts have "broad discretion" in determining whether to grant or deny a motion under Rule 59(e), relief is granted only in "extraordinary circumstances." *United States v. Young,* 806 F.2d 805, 806 (8th Cir. 1987).

## II. There was evidence of actual damages, and the initial verdict was inconsistent because Element Third of the verdict director required a finding of damages

The jury heard ample and extensive evidence of actual damages. It appears undisputed that the children were placed in holding cells where they suffered a loss of liberty. The only dispute was the duration of time for the seizure. The children testified that the suffered fear and distress, not just from the seizure but also—while they were seized—from the additional threat of being removed from their family and being placed in foster care. For the next year, they had ongoing fear of the police and of judicial authority, thinking that they would be seized again. (Undersigned counsel were careful to cabin this evidence to the one-year period up to but not after the second seizure, in order to avoid tainting damages evidence with the second seizure; in any event, Judge Eighmy has filed no post-trial motions on that basis.)

The children and their father each testified that the children suffered social stigma (other parents did not want their kids to socialize with children who had been jailed, regardless of the underlying explanation) and adverse effects to their entertainment career. In other words, there were actual damages.

A finding of damages was Element Third of the Fourth Amendment seizure claim. Particularly, the jury had to find that "*Third,* as a direct result, plaintiff Kadan Rockett was damaged." Instruction No. 19 [Doc. 169 at 25]; *see also* Instruction 29 as to B.R. [*id.* at 36]. Accordingly, in order to find for the Plaintiffs, as the jury did, the jury had to find damages for each child on the seizure claims. The need for correction was present because the jury awarded zero damages. The initial verdict was inconsistent. The evidence discussed above showed that the Rockett children incurred actual damages, including "mental and emotional suffering." Instructions No. 22 and 32 [Doc. 169 at 28 and 39]. While the Court's nominals instruction did cause reconsideration, it must also be seen in the context of the Court's instruction the jury to

3

reconsider the entire case.  The jury did exactly that.  Since the jury did not return a nominal damages verdict, the nominals instruction was harmless in that the actual damages were found.

It is error for a jury to find no damages where there are actual damages.  *Westcott v. Crinklaw,* 133 F.3d 658, 662 (8th Cir.1998).  After this Court's nominal damages instruction, the jury returned a verdict of $5,000 actual damages for each child.  As such, the jury reconsidered its damages award in light of the original actual damages instruction and Element Third of the seizure verdict director.  This might be a different posture if the jury had awarded $1 only after the subsequent nominals instruction.  But it did not, and so that instruction is moot and any alleged prejudice it caused is at worst harmless.

Further, the zero dollar initial damages verdict was just not inconsistent with Element Third of the verdict director; it was inconsistent with the case law.  The Eighth Circuit has long held that damages are required where a § 1983 plaintiff shows an unreasonable violation of the Fourth Amendment.  *See Wayland v. City of Springdale, Ark.,* 933 F.2d 668 (8th Cir. 1991); *Hunter v. Auger,* 672 F.2d 668 (8th Cir. 1982); *see also Melear v. Spears,* 862 F.2d 1177, 1186 (5th Cir. 1989); *Davet v. Maccarone,* 973 F.2d 22, 29 (1st Cir. 1992); *Ruggiero v. Krzeminski,* 928 F.2d 558, 563 (2d Cir. 1991).

In any event, as to allegedly inconsistent verdicts, "it is the court's duty to harmonize inconsistent verdicts, viewing the case in any reasonable way that makes the verdicts consistent." *Anheuser-Busch, Inc. v. John Labatt, Ltd.,* 89 F.3d 1339, 1347 (8th Cir. 1996).  The first verdict was inconsistent with a finding of zero damages given Element Third.  The second verdict was consistent, and the nominals instruction had no effect since the jury found actual damages.

4

### a. *Miller v. Albright* concerned a no damages claim for unlawful entry into the home, and so is distinguishable for a seizure that caused actual damages

Judge Eighmy relies on *Miller v. Albright,* 658 F.3d 733, 735 (8th Cir. 2011).[1] But *Miller* is distinguishable. In contrast to this case where the evidence showed actual damages, *Miller* involved a finding of liability for unlawful entry into a home where there were no damages. *Id.* at 738. The *Miller* plaintiff's unlawful entry damages were separate and distinct from his damages for excessive force—for which the jury returned a defense verdict. *Id.* It did not help Miller that he was a drunk who had earlier photographed children at a schoolyard; one might surmise that the jury thought he got some "street justice" from the cops notwithstanding the technical violation of his constitutional rights. *See generally Farrar v. Hobby,* 506 U.S. 103, 117-18 (1992).

The Rockett Plaintiffs did not demand a nominals instruction in the fact of no evidence of damages. Rather, they requested the instruction in the face of ample evidence of actual damages. And, the jury then returned a verdict with actual damages. Accordingly, the nominals instruction played no role in the jury's ultimate verdict, and if there was error it was harmless.

### b. The jury did not find nominal damages, and so the instruction was harmless in that the jury found actual damages under the original instructions

*Miller* also avoids the very issue which Defendant now claims is controlling: that is, "the tactical dilemma that occurs when a plaintiff is forced to choose between asking for only compensatory damages and risking a zero-dollar verdict, on one hand, or requesting a nominal damages instruction and giving the jury an easy 'out' on the other hand." *Id.* at 738. The *Miller* court avoided discussion of the circuit split on this issue because the issue was not ripe. *Id.* The Eight Circuit expressly noted, without deciding, that some circuits permit a nominal instruction

---

[1] Whether intentional or not by Judge Eighmy, the *Miller* case is familiar to undersigned counsel Bevis Schock as he litigated that case on behalf of Miller.

after an inconsistent verdict, citing the First Circuit: "a plaintiff may request the judge to instruct the jury on nominal damages, or in the absence of such an instruction, may ask the trial court for nominal damages on the occasion of, *or immediately after,* the return of the verdict." *Id.*, citing *Azimi v. Jordan's Meats, Inc.,* 456 F.3d 228, 240 (1st Cir. 2006) (emphasis in original).

Since the jury did not return a nominal damages verdict, then any argument that the verdict should be altered or amended based on that instruction is irrelevant as the instruction was harmless. This jury found actual damages under the original instructions, not the nominal instruction. Judge Eighmy misapprehends the significance of the jury's finding in both the inconsistent initial verdict and the second consistent verdict that he violated the constitutional rights of the Rockett children when he seized them.

### III. Conclusion and Prayer

The evidence in the light most favorable to the verdict shows that the Rockett children suffered actual damages. The jury corrected their inconsistent verdict in light of the original instructions, and not the subsequent nominals instruction. There is no manifest error of law or fact.

WHEREFORE the Rockett Plaintiffs pray this Court to DENY defendant Judge Eighhy's motion to alter or amend the Judgment; and for such other relief as may be just, meet and reasonable.

Dated: January 12, 2025                    Respectfully submitted,

*Counsel for Plaintiff D. Bart Rockett as next friend of his minor child B.R. and Plaintiff Kadan Rockett*

/s/ Hugh A. Eastwood
Hugh A. Eastwood, 62058MO
Attorney at Law
8112 Maryland Ave., Suite 400
St. Louis, Missouri 63105-3700

hugh@eastwoodlawstl.com
(314) 809 2343
(314) 228 0107 eFax

/s/ W. Bevis Schock
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO 63105
wbschock@schocklaw.com
Fax: 314-721-1698
Voice: 314-726-2322

/s/ Christopher R. Hoell
Christopher R. Hoell, 54011MO
Law Office of Chris Hoell
7911 Forsyth Blvd., Suite 300
Clayton, MO 63105
Phone: (314) 441-6559
E-mail: crh@hoell-law.com

**Certificate of Service**

The undersigned certifies that on January 12, 2025 that (s)he filed this document with the District Clerk to be served on all counsel of record by operation of this Court's CM/ECF system.

*/s/ Hugh A. Eastwood*