UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

D. BART ROCKETT, )
    *as next friend of his minor child B.R.*,)
    *et al.*, )
     )
    Plaintiffs, )
     )
v. ) No. 6:21-cv-03152-MDH
     )
THE HONORABLE ERIC D. EIGHMY, )
    *in his individual capacity only,* )
     )
    Defendant. )

**The Rockett Plaintiffs' Motion for Fees & Non-Taxable Costs and Expenses**

**under 42 U.S.C. § 1988**

**Table of Contents**

I.    Standing & Standard of Review ............................................................................................1

II.   Plaintiffs' Fee Award in this Case ........................................................................................5

    a.  Procedural History ......................................................................................................5

    b.  Prevailing Plaintiff Status ............................................................................................6

    c.  Hourly rates..................................................................................................................8

III.  Conclusion ..........................................................................................................................16

**Table of Authorities**

*Blum v. Stenson,* 465 U.S. 886 (1984)......................................................................................8, 14

*Bowman v. Pulaski County*, 723 F.2d 640 (8th Cir. 1983) .............................................................12

*Bravo v. City of Santa Maria,* 810 F.3d 659 (9th Cir. 2016)............................................................7

*Casey v. City of Cabool, Mo.,* 12 F.3d 799 (8th Cir. 1993)............................................................10

*City of Burlington v. Dague,* 505 U.S. 557 (1992) ..........................................................................2

*City of Riverside v. Rivera*, 477 U.S. 561(1986) ...............................................................12

*Cody v. Hillard,* 304 F.3d 767 (8th Cir. 2002) ......................................................................2

*Delph v. Dr. Pepper Bottling Co.,* 130 F.3d 349 (8th Cir. 1997) ......................................13

*El-Tabech v. Clarke*, 616 F.3d 834 (8th Cir. 2010) ...........................................................14

*Emery v. Hunt,* 272 F.3d 1042 (8th Cir.2001) .....................................................................9

*Farrar v. Hobby*, 506 U.S. 103 (1992) .........................................................................1, 2, 6

*Fernandez v. St. Louis Cnty.,* 538 F. Supp. 3d 888 (E.D. Mo. 2021) ..............................10

*Fox v. Vice,* 563 U.S. 826 (2011) ..........................................................................................4

*Gerling v. Waite*, No. 4:17-CV-02702 JAR, 2022 WL 558083 (E.D. Mo. Feb. 24, 2022) ............10

*Gibson v. Goldston,* 85 F.4th 218 (4th Cir. 2023) ................................................................7

*Hanig v. Lee,* 415 F.3d 822 (8th Cir. 2005) ..........................................................................9

*Hendrickson v. Branstad,* 934 F.2d 158 (8th Cir. 1991) .....................................................9

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ..............................................................1, 2, 3, 4

*Jenkins ex rel. Jenkins v. State of Mo.,* 127 F.3d 709 (8th Cir. 1997) ....................1, 2,3, 6

*Keller v. Am. Bottling Co.*, No. 4:19-CV-02895-JAR, 2020 WL 3412236 (E.D. Mo.

    June 22, 2020) ...................................................................................................................11

*Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989) .............................................................9

*Moysis v. DTG Datanet*, 278 F.3d 819 (8th Cir. 2002) .......................................................9

*Neufeld v. Searle Labs.,* 884 F.2d 335 (8th Cir. 1989) ........................................................4

*Owens v. St. Louis Metropolitan Police Dep't, et al.,* No. 1122-CC02140 (City of St. Louis Circuit

    Court, 2014) ......................................................................................................................10

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546 (1986) ..............8

*Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542 (2010) ...........................................2, 8, 13

*Robinson v. City of St. Louis*, No. 4:17-CV-156 PLC, 2020 WL 4673823 at *11 (E.D. Mo. Aug. 12, 2020) ...................................................................................................................13

*Rockett v. Eighmy,* 71 F.4th 665 (8th Cir. 2023) ........................................................................7

*SapaNajin v. Gunter,* 857 F.2d 463 (8th Cir. 1988) ....................................................................4

*Snider v. City of Cape Girardeau,* 752 F.3d 1149 (8th Cir. 2014) ..........................................9, 10

*Trinity Lutheran Church of Columbia, Inc. v. Comer,* No. 2:13-cv-4022-NKL (W.D. Mo. Nov. 7, 2018) ...................................................................................................................11

*Trump v. United States,* 603 U.S. 594 (2024).................................................................................6

**Statutes**

42 U.S.C. § 1983.............................................................................................................................1

42 U.S.C. § 1988.................................................................................................................1, 2, 4, 16

**Rules**

Fed. R. Civ. P. 56............................................................................................................................1

**Other Authorities**

S. Rep. No. 94–1011, at 6 (1976), as reprinted in 1976 U.S.C.C.A.N. 5908, 5913 ........................8

The Rockett Plaintiffs were the prevailing party in the trial of this case against defendant Judge Eighmy, in that the jury awarded them $10,000 in damages ($5,000 for each child) on their claim for unreasonable seizure under the Fourth Amendment. The Rockett Plaintiffs now timely submit their Motion for Fees & Non-Taxable Costs and Expenses under 42 U.S.C. § 1988(b) within 14 days of the Judgment dated December 12, 2024 [Doc. 174] pursuant to Fed. R. Civ. P. 54(d)(2). They are separately filing a timely Motion for Bill of Costs.

I. **Standing & Standard of Review**

The district court has discretion to award reasonable attorney's fees to a party who prevails in a claim filed under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1988(b). In a § 1983 case, the Court "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). A party is a prevailing party under § 1988 if he succeeds on any significant issue in the case "which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoted case omitted); *see Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (a prevailing party is one who obtains "at least some relief on the merits of his claim").

A trial court's "discretion to deny attorneys' fees to a prevailing plaintiff is narrow." *Jenkins ex rel. Jenkins v. State of Mo.,* 127 F.3d 709, 716 (8th Cir. 1997). "[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley,* 461 U.S. at 429 (quoted source omitted). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Id.* at 435. The Eighth Circuit has stated, "If the plaintiff has won excellent results, he is entitled to a fully compensatory fee

award, which will normally include time spent on related matters on which he did not win." *Jenkins,* 127 F.3d at 716 (citing *Hensley,* 461 U.S. at 435). The Supreme Court teaches that the degree of success obtained is "'the most critical factor' in determining the reasonableness of a fee award." *Farrar,* 506 U.S. at 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (quoting *Hensley,* 461 U.S. at 436). "It is an abuse of discretion for the district court to award attorneys' fees without considering the relationship between the 'extent of success' and the amount of the fee award." *Farrar,* 506 U.S. at 116.

The Eighth Circuit reviews legal issues relating to fee awards *de novo* but reviews factual determinations for abuse of discretion. *Cody v. Hillard,* 304 F.3d 767, 772 (8th Cir. 2002). The party seeking the award must submit evidence supporting the requested hours and rates, making "a good faith effort" to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 433-34. The fee applicant must also use "billing judgment" to exclude hours that would not properly be billed to a client, because time not properly billed to a client should not be paid by an adversary pursuant to statutory authority. *Id.* at 434.

To determine reasonable attorney's fees under Section 1988, "the most useful starting point is . . . the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. This calculation is referred to as the "lodestar approach." *See, e.g., Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552 (2010). There is a strong presumption that the lodestar calculation represents a reasonable fee award. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992).

When a plaintiff has only limited success, the extent of that success "is a crucial factor in determining the proper amount of an award of attorneys' fees under 42 U.S.C. § 1988." *Hensley,*

2

461 U.S. at 440. The court must consider whether a plaintiff's unsuccessful claims "were unrelated to the claims on which [the plaintiff] succeeded" and whether "the level of success" achieved by the plaintiff "makes the hours reasonably expended a satisfactory basis for making a fee award." *Id*. at 434. When a plaintiff's claims "involve a common core of facts or [are] based on related legal theories, [m]uch of counsel's time will be devoted generally to the litigation as a whole." *Id*. at 435. In that situation, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

"Where a plaintiff has obtained excellent results, [the plaintiff's] attorney should recover a fully compensatory fee, [which will n]ormally . . . encompass all hours reasonably expended on the litigation." *Id*. Significantly, the Eighth Circuit has explained this as meaning that a "plaintiff who has won excellent results . . . is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which [the plaintiff] did not win." *Jenkins,* 127 F.3d at 716 (emphasis added).

If, however, "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley,* 461 U.S. at 436. As the Supreme Court concluded:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from [the plaintiff's] successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have [the plaintiff's] attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

> *Id.* at 440.

The principle of awarding a fully compensatory fee to plaintiffs who have not prevailed on all of their asserted claims recognizes that:

> in the real world, litigation is more complex [than in the movies], involving multiple claims for relief that implicate a mix of legal theories and have different merits. Some claims succeed; others fail. Some charges are frivolous; others (even if not ultimately successful) have a reasonable basis. In short, litigation is messy, and courts must deal with this untidiness in awarding fees.
>
> Given this reality, we have made clear that plaintiffs may receive fees under Section 1988 even if they are not victorious on every claim. A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purposes. That "result is what matters," we explained in *Hensley* . . ., 461 U.S. [at] 435 . . . : A court should compensate the plaintiff for the time [the plaintiff's] attorney reasonably spent in achieving the favorable outcome, even if "the plaintiff failed to prevail on every contention." *I[d]*. The fee award, of course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief: Such work "cannot be deemed to have been expended in pursuit of the ultimate result achieved." *I[d]*. (internal quotation marks omitted). But the presence of these unsuccessful claims does not immunize a defendant against paying for the attorney's fees that the plaintiff reasonably incurred in remedying a breach of [the plaintiff's] civil rights.
>
> *Fox v. Vice,* 563 U.S. 826, 834 (2011).

Rather, "Congress authorized fees to plaintiffs to compensate them for the costs of redressing civil rights violations; accordingly, a plaintiff may receive fees for all work relating to the accomplishment of that result, even if 'the plaintiff failed to prevail on every contention raised.'" *Fox,* 563 U.S. at 836 n.3 (quoting *Hensley,* 461 U.S. at 435).

A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley,* 461 U.S. at 429. A prevailing party may also recover as part of an award under Section 1988 the party's "[r]easonable expenses of litigation." *SapaNajin v. Gunter,* 857 F.2d 463, 465 (8th Cir. 1988). Such expenses are "the sort that lawyers ordinarily include in their bills to clients." *Neufeld v. Searle Labs.,* 884 F.2d 335, 342 (8th Cir. 1989) (Age Discrimination in Employment Act case).

## II. Plaintiffs' Fee Award in this Case

### a. Procedural History

At the outset of this litigation, both of the Rockett children were represented by their father Bart Rockett as their Next Friend. They asserted four claims: (I) a Fourth Amendment seizure claim against Judge Eighmy for the Taney County jailing; (II) a First Amendment retaliation claim against Judge Eighmy for the Taney County jailing; (III) a Fourth Amendment seizure claim against Judge Eighmy for the subsequent Louisiana jailing; and (IV) a Substantive Due Process claim against Judge Eighmy for each of the Taney County and the Louisiana jailings. This Court denied Judge Eighmy's motion to dismiss based on his alleged judicial immunity and based on Bart Rockett's lack of capacity to serve as Next Friend.

The Eighth Circuit affirmed this Court as to its denial of judicial immunity as to the Taney County events, but reversed as to the Louisiana jailing. On remand, the Rockett Plaintiffs amended their complaint to do only two things: adding Kadan Rockett as a party in his own right, since he had turned 18 years of age; and dropping the sole seizure claim related to the Louisiana jailing.

At trial, the jury was presented with three counts against Judge Eighmy: (I) a Fourth Amendment seizure; (II) a First Amendment retaliation; and (III) a Substantive Due Process violation. Each arose solely from a common core of facts as to the Taney County events on October 8, 2019. Notwithstanding the Rockett Plaintiffs attempts to present evidence of the Louisiana seizure with a limiting instruction, this Court limited the evidence to the October 8, 2019 events in Taney County.

The jury returned a verdict of $5,000 for each child on the Fourth Amendment seizure claim.

5

### b. Prevailing Plaintiff Status

In general, prevailing party status "is determined on the outcome of the case as a whole, rather than by piecemeal assessment of how a party fares . . . along the way." *Jenkins,* 127 F.3d at 714. Overall, the Rockett Plaintiffs won Count I of their damages. They have not broken down such fees and costs by claim since his claims stem from a common core or nexus of facts. *Hensley,* 461 U.S. at 435. True, the second seizure was out of the case based on the Eighth Circuit ruling, but as the court recognized at trial would be difficult to pull out the second seizure from the first (other than by limiting damages to the year between the two seizures). Furthermore, the Rockett Plaintiffs attempted to admit the second seizure into evidence, even if immunity applied, with a limiting instruction by relying on Justice Barrett's concurrence and Justice Sotomayor's dissent as to evidence of immune acts in *Trump v. United States,* 603 U.S. 594 (2024). Although the Court denied that *Limine* issue, nevertheless it was in good faith attempt to clarify the admissibility of evidence of immune acts in light of this breaking Supreme Court case. A plaintiff is entitled to fees for time spent on issues on which plaintiff did not prevail if it was reasonable to have litigated them to secure a verdict. *See Jenkins by Jenkins v. State of Missouri,* 127 F.3d 709, 718 (8th Cir. 1997) (defining the test as whether "the plaintiff's attorneys would have been expected or obliged to take the position they took.").

*Farrar v. Hobby* and the motivating principles of 42 U.S.C. § 1988 do not tie the amount of the verdict to the amount of the fee award. In casting her critical fifth vote in Farrar, Justice O'Connor explained in her separate opinion that when considering the degree of overall success, a court should consider more than the monetary amount awarded by a jury. *Farrar* at 120–21. In particular, wrote Justice O'Connor, courts should consider whether the plaintiff vindicated important rights or prevailed on significant legal issues. *Id.* at 121. That is true "even though no

6

actual damages are proved." *Id.* It is important, however, that Justice O'Connor did not suggest that where actual damages are recovered that are not *de minimis* it is necessary for the plaintiff to establish in addition that he secured some overall societal benefit as well. *Id.*; *see also Bravo, infra,* 810 F.3d at 670.

Although the Rockett children won only $10,000 at trial, this litigation vindicated important rights and generated public benefits that would justify the district court's finding that they achieved an excellent result and are entitled to their attorney's fees. This litigation benefited the public by clarifying what actions a judge can and cannot take in the context of contested custody disputes, a routine but perhaps the most highly contentious form of litigation that occurs in state courts throughout Missouri and the Nation. *See Bravo v. City of Santa Maria,* 810 F.3d 659, 666 (9th Cir. 2016). Judge Eighmy's interlocutory appeal resulted in a significant Eighth Circuit opinion on judicial immunity that has already been relied on by the Fourth Circuit. *Rockett v. Eighmy,* 71 F.4th 665 (8th Cir. 2023), cited in approval by *Gibson v. Goldston,* 85 F.4th 218 (4th Cir. 2023). This litigation is significant in preventing future civil rights abuses in the family and juvenile courts, and in clarifying standards of constitutional conduct by judges. *Bravo,* 810 F.3d at 666. That is equally true even as to its ripple effects as to the divorce at issue in *Gibson, supra.*

Further, the entire context of the case, including the fact that the Rockett Plaintiffs had to overcome a robust defense and interlocutory appeal, shows that the amount of time expended was necessary to vindicate the plaintiffs' rights, even if the only benefit that had accrued had been the $10,000 in damages awarded by the jury.

As an initial matter, there is a strong presumption that the lodestar—the amount of hours reasonably expended on the litigation multiplied by a reasonable hourly rate—is a reasonable fee

7

to be awarded under 42 U.S.C. § 1988. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552 (2010); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 564–65 (1986); *Blum v. Stenson,* 465 U.S. 886, 897 (1984). This presumption is based on the premise that a fee under § 1988 must be "sufficient to induce a capable attorney to undertake the representation" in order to advance the private enforcement of federal civil rights laws. *Perdue,* 559 U.S. at 552; *see also* S. Rep. No. 94–1011, at 6 (1976), as reprinted in 1976 U.S.C.C.A.N. 5908, 5913.

### c. <u>Hourly rates</u>

In *Blum v. Stenson*, the Supreme Court emphasized that fees awarded in civil rights litigation should be governed by the same standards which prevail in other types of equally complex federal litigation, such as antitrust cases. 465 U.S. 886, 893 (1984). To say the least, § 1983 is a complex area of the law. The Rockett Plaintiffs' counsel, nevertheless, have devoted substantial portions of their careers to this area, and suggest to the court that given their experience and lack of wasted time, these fees are reasonable under the circumstances.

The Rockett Plaintiffs request hourly rates of $550 for Mr. Eastwood, $450 for Mr. Hoell, and $650 for Mr. Schock. Counsel submit their own declarations[1], as well as those from respected Missouri attorneys, each of which is attached as an exhibit. Those attorneys include Nathan Swanson and Jack Waldron on behalf of Mr. Eastwood; Elad Gross, Eileen Krispin, and Andy Hirth on behalf of Mr. Hoell, and J.C. Pleban and Erick Vieth on behalf of Mr. Schock. Plaintiffs suggest that the declaration demonstrate that counsel's requested hourly rates are consistent with those prevailing in the community for similar services by lawyers of reasonably

---

[1] Mr. Schock has submitted a sworn Affidavit. Messrs. Eastwood and Hoell have submitted Declarations made under penalty of perjury pursuant to 28 U.S.C. § 1746(2).

8

comparable skill, experience, and reputation. Plaintiffs also suggest that the court apply current hourly rates to all hours their attorneys expended on this four-year-old case, rather than "historic hourly rates" for services as they were rendered. *Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989).

In general, "a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated." *Moysis v. DTG Datanet*, 278 F.3d 819, 828-29 (8th Cir. 2002) (quotation marks and citation omitted). In setting a reasonable hourly rate, a court may consider its own experience and knowledge of prevailing market rates, as well as the experience, skill, and expertise of the attorney seeking an award under Section 1988. *See Hanig v. Lee,* 415 F.3d 822, 825 (8th Cir. 2005) (court's own knowledge); *Hendrickson v. Branstad,* 934 F.2d 158, 164 (8th Cir. 1991) (hourly rates for a Section 1988 award should reflect counsel's "special skill and experience") (citation omitted).

True, Messrs. Eastwood, Hoell and Schock are not local to this Court in Springfield; rather, although they are Missouri lawyers, they work out of offices in St. Louis County. Plaintiffs have submitted Declarations stating that they made diligent, good faith efforts to find local counsel, but were unable to find local counsel able and willing to take their case. In a case where the plaintiff does not use local counsel, the district court is not limited to the local hourly rate, if the plaintiff has shown that, in spite of his diligent, good faith efforts, he was unable to find local counsel able and willing to take the case. *Snider v. City of Cape Girardeau,* 752 F.3d 1149, 1159-60 (8th Cir. 2014), citing *Emery v. Hunt,* 272 F.3d 1042, 1048 (8th Cir.2001). To "limit rates to those prevailing in a local community might have the effect of limiting civil rights enforcement to those communities where the rates are sufficient to attract experienced counsel."

9

*Snider,* 752 F.3d at 1159 (quoting *Casey v. City of Cabool, Mo.,* 12 F.3d 799, 805 (8th Cir. 1993)).

Courts often look to the community where the attorney is based to inform the reasonableness of the attorney's fees. *See Gerling v. Waite*, No. 4:17-CV-02702 JAR, 2022 WL 558083, at *2 (E.D. Mo. Feb. 24, 2022) (approving Plaintiff's counsel's fees in part by examining the prevailing market for attorneys in the area of each respective law firm's location). Plaintiffs note that in May 2021 Eastern District Judge Limbaugh approved rates of $475 for Mr. Eastwood and $575 for Mr. Schock in another noted § 1983 case involving the First Amendment rights of homeless people to beg from motorists. *Fernandez v. St. Louis Cnty.,* 538 F. Supp. 3d 888 (E.D. Mo. 2021). Since then, district courts have approved higher rates. *Gerling* at *2 (approving $595 per hour for lead trial counsel, and $450 per hour for third chair trial counsel).

Counsel's declarations state that their requested hourly rates are within the market rates for attorneys with comparable experience in St. Louis. Each has particularized experience with civil rights litigation, which provided additional support for higher hourly rates. In recent years, Mr. Eastwood has been invited to publish and speak on the national level in this area of civil rights law, and received an award from Missouri Lawyers Weekly as one of just six Missouri "Appellate Attorneys of 2023" for his work against Judge Eighmy's interlocutory appeal. Mr. Hoell defended civil rights litigation while at the Missouri Attorney General's Office[2], subsequently served as an Assistant United States Attorney in the Southern District of Illinois

---

[2] The civil rights bar of Missouri is a small world. Messrs. Eastwood and Schock met Mr. Hoell when he was a Missouri AAG as opposing counsel on one such § 1983 case, which resulted in a plaintiff's verdict against a Lieutenant from the St. Louis Metropolitan Police where the Attorney General did not remove to federal court. *Owens v. St. Louis Metropolitan Police Dep't, et al.,* No. 1122-CC02140 (City of St. Louis Circuit Court, 2014) (Edwards, Jimmy, J.).

specializing in crimes against child victims, and has participated in recent significant civil rights cases involving children whose rights were violated. All counsel have extensive federal courts litigation experience at the district and circuit levels; Messrs. Eastwood and Schock also have some Supreme Court experience on writ of certiorari petitions.

Plaintiffs also refer the court to the annual billing survey published by Missouri Lawyers Weekly[3], which notes that in 2023 that the hourly billing rates for civil rights plaintiff's lawyers in St. Louis were $650 (Mark J. Pedroli) and $450 (James Schottel). Similar civil rights counsel in Kansas City reported rates of $550 for a partner and $475 for an associate. Federal district courts in Missouri have recognized such rates. In 2020, Eastern District Judge Ross recently wrote about St. Louis market billing rates in *Keller v. Am. Bottling Co.*, No. 4:19-CV-02895-JAR, 2020 WL 3412236, at *2 (E.D. Mo. June 22, 2020) (showing then-approved rates ranging from as little as $240 to as much as $712.69). True, other judges of the Western District of Missouri have docked out-of-state counsel for applying higher rates, but such cases are distinguishable as the plaintiff there did not try to find local counsel—unlike here where the Rockett Plaintiffs tried exhaustively to find lawyers who would file suit against a sitting state court judge. *Cf. Trinity Lutheran Church of Columbia, Inc. v. Comer,* No. 2:13-cv-4022-NKL (W.D. Mo. Nov. 7, 2018) (Judge Laughrey noting "this is not a case in which the plaintiff was unable to find local counsel who could and would take its case.").

What's good for the goose is good for the gander. Judge Eighmy's defense counsel of record came from the Kansas City and St. Louis offices of the Missouri Attorney General, who themselves had to travel several hours and stay at hotels during discovery and trial. It is not as if

---

[3] *See* Missouri Lawyers Media 2023 Billing Rates Report and Survey, available online at https://molawyersmedia.com/2023/11/08/billing-rates-2023-digital-edition/ (last accessed December 16, 2024) (paywalled).

11

Judge Eighmy had local defense counsel from Springfield or elsewhere in Southern Missouri. The same 2023 Billing Survey shows Kansas City has higher market rates for counsel, with an average rate of $475, up from $425 in 2022; the average partner rate in Kansas City was $506, and it appears that the highest partner rates in that survey for plaintiff's firms were well north of $700.

The Rockett Plaintiffs observe that Judge Eighmy and the Missouri Attorney General's Office have fought this case hard every step through trial, as they have every right to do. Plaintiffs suggests, however, that the law of the case made clear the frailties of their defense once they lost the interlocutory appeal at the Eighth Circuit. A defendant cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response. *See City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986) (plurality opinion).

The Rockett Plaintiffs note that the parties participated in good faith in the Court's mandatory Mediation and Assessment Program in 2023. Plaintiffs also made a pretrial demand that broke down by category their damages and fees to date. Defendant made no offer of judgment. If Defendant had evaluated this pre-trial as a low damages case, then Plaintiffs suggest that Defendant would have made such an offer of judgment.

Counsel's hours were not duplicative. Nor should Plaintiff be penalized for hiring two lawyers at each stage of the case. As noted, Messrs. Eastwood and Schock handled the case from client intake through pleading through the motion to dismiss through the interlocutory appeal. Messrs. Eastwood and Hoell then handled discovery and trial. The Eighth Circuit has noted that private clients with complex matters are commonly represented by two or more lawyers at trial, and there is no reason why civil rights plaintiffs should be limited to a legal team with fewer members than necessary to handle the case. *Bowman v. Pulaski County*, 723 F.2d

12

640, 646 (8th Cir. 1983); *see also Delph v. Dr. Pepper Bottling Co.,* 130 F.3d 349 (8th Cir. 1997) (affirming award of statutory fees to three attorneys representing the successful plaintiff in a Title VII suit); *but see Robinson*, *infra,* where the court showed dismay at three lawyers working at a time. At all times in the case, there were two attorneys staffed to the matter. Particularly, at trial, Plaintiffs had two attorneys. Defendant had three attorneys plus a paralegal present in the courtroom, plus others apparently participating remotely.

With some trepidation, Plaintiff draws the court's attention to *Robinson v. City of St. Louis*, No. 4:17-CV-156 PLC, 2020 WL 4673823 at *11 (E.D. Mo. Aug. 12, 2020). Although *Robinson* involved an interlocutory appeal and a three-day trial, Plaintiff's counsel sought $960,307.50 in fees, including a 1.5x lodestar fee enhancement. Judge Cohen awarded, after all reductions, $335,202.80. Plaintiffs suggest that *Robinson* is distinguishable. Unlike this case, *Robinson* did not involve unusual questions of immunity. Unlike this case, *Robinson* involved an excessive number of lawyers assigned to the case (more than two at any one stage of the litigation). And here, the Rockett Plaintiffs seek no enhancement over the lodestar. Further, Plaintiffs suggests they have not overbilled for routine tasks. *Cf. Robinson,* at *16 (Lead counsel billing 8.6 hours for reading docket entries and downloading PDF documents).

As to the lodestar, the United States Supreme Court has recognized that an enhancement may be appropriate where: (1) the method used to determine the hourly rate employed in the lodestar calculation "does not adequately measure the attorney's true market value"; (2) "the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; or (3) there exist "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 556 (2010). In this matter, the Rockett Plaintiffs does not seek an enhanced

13

fee beyond the lodestar. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). They emphasize, however, that they believe the lodestar is fair. Counsel worked on this case for over four years. Counsel chose not to take other cases because of the merits of this case, and counsel relied on the fee-shifting statute § 1988 in part to make that determination.

Times spent preparing the fee application is compensable, but may not be excessive, *El-Tabech v. Clarke*, 616 F.3d 834, 843 (8th Cir. 2010). Again, the *Robinson* case shows how it is not to be done. The *Robinson* plaintiff asked for what Judge Cohen characterized as "over six days" for preparation of the fees motion. To put it mildly, the request for that amount of time was not well received by Judge Cohen. Here Mr. Eastwood's total time on this fees motion is approximately 9.6 hours, Mr. Schock's time is 6.2, and Mr. Hoell's time is 1.0 hours.

The Rockett Plaintiffs are seeking IRS mileage for travel driving from St. Louis to Kansas City for oral argument at the Eighth Circuit in the interlocutory appeal; driving from St. Louis to Taney County for depositions during discovery (with no overnights at hotels); and driving from St. Louis to this Court in Springfield for each of the Pretrial Conference and the four-day jury trial. The pre-trial and trial travel includes not just IRS mileage and Kansas City parking (for the Eighth Circuit appeal), but also hotel accommodation in Kansas City and at the University Plaza Hotel across the street from the Springfield courthouse. The attorneys are not billing for meals. These expenses would typically be billed to a client for a case so far away from the law office.[4]

---

[4] The attorneys normally bill for travel only if 50 miles beyond the St. Louis Arch. That is the case here as to each of the appellate oral argument, the depositions, and the trial. The attorneys have either billed half-time as to fees for travel, or the actual amount spent collaborating on the case in the car.

14

Mileage is as follows: (1) Eighth Circuit appeal in Kansas City, February 2023: 246 x 2 (roundtrip from Clayton MO to Charles Evans Whittaker Federal Courthouse) @ IRS 2023 rate of $0.655 = $322.26; (2) Depositions in Springfield, February 2024: 210 x 2 (roundtrip from Clayton to University Plaza Hotel) @ IRS 2024 rate of $0.67 = $281.40; (3) Depositions in Taney County, May 2024: 248 x 2 (roundtrip from Clayton to Taney County Juvenile Office) @ IRS 2024 rate of $0.67 = $332.32.

In their separately-filed Bill of Costs motion, the Rockett Plaintiffs seek their printing costs as to their Appellee briefing in Judge Eighmy's interlocutory appeal, and certain limited trial exhibit materials costs. They are not seeking other costs normally borne by attorneys as part of routine office expenses, mailing and overhead. Particularly, they are not seeking costs for trial prep such as paralegal, assistant or staff time from their lawyers' offices in St. Louis.

| Eastwood Fees | $262,342.50 |
| Schock Fees | $54,860.00 |
| Hoell Fees | $98,775.00 |
| Mileage | $935.98 |
| All Hotel plus Uber & Parking (Kansas City appeal) | $1,917.24 |
| **Total, Fees, Non-Taxable Costs & Expenses** | **$418,830.72** |

Exhibits are attached in support.

The Eastwood Decl. is Ex. 1; the Swanson Decl. is Ex. 2; the Waldron Delc. is Ex. 3; the Schock Aff. is Ex. 4; the Pleban Aff. is Ex. 5; the Vieth Aff. is Ex. 6; the Hoell Decl. is Ex. 7; the Gross Aff. is Ex. 8; the Krispin Aff. is Ex. 9; the Hirth Aff. is Ex. 10.

The Declaration of Bart Rockett as Next Friend of his children is Ex. 11.

As to Plaintiffs' non-taxable costs and expenses, Mr. Eastwood's receipts are attached as Ex. 12; Mr. Schock's receipts as Ex. 13; and Mr. Hoell's receipts as Ex. 14.

### III. Conclusion

WHEREFORE the Rockett Plaintiffs pray this Court for an award under 42 U.S.C. § 1988 of fees and out-of-pocket non-taxable costs and expenses of **$418,830.72**. This this amount is reasonable given the history of this matter, its duration and complexity, and the immunities and defenses asserted.

Dated: January 23, 2024                    Respectfully submitted,

*Counsel for Plaintiff D. Bart Rockett as next friend of his minor child B.R. and Plaintiff Kadan Rockett*

/s/ Hugh A. Eastwood
Hugh A. Eastwood, 62058MO
Attorney at Law
8112 Maryland Ave., Suite 400
St. Louis, Missouri 63105-3700
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 228 0107 eFax

/s/ W. Bevis Schock
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

/s/ Christopher R. Hoell
Christopher R. Hoell, 54011MO
Law Office of Chris Hoell
7911 Forsyth Blvd., Suite 300
Clayton, MO 63105
Phone: (314) 441-6559
E-mail: crh@hoell-law.com

## Certificate of Service

The undersigned certifies that on January 23, 2024 that (s)he filed this document with the District Clerk to be served on all counsel of record by operation of this Court's CM/ECF system.

*/s/ Hugh A. Eastwood*