UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

D. BART ROCKETT,  )
    *as next friend of his minor child B.R.,* )
    *et al.,* )
     )
    Plaintiffs, )
     )
v. )   No. 6:21-cv-03152-MDH
     )
THE HONORABLE ERIC D. EIGHMY, )
    *in his individual capacity only,* )
     )
    Defendant. )

**The Rockett Plaintiffs' Reply in support of their**

**Motion for Fees & Non-Taxable Costs and Expenses under 42 U.S.C. § 1988,**

**& Motion to Strike or Exclude Discussion of Mediation**

**Table of Contents**

I.    Motion to Strike or Exclude..................................................................................................1

II.   Reply as to Fees & Costs ......................................................................................................2

    a.   Plaintiffs are the prevailing parties ................................................................................5

    b.   Plaintiffs achieved an excellent result with societal benefits........................................6

    c.   The Eighth Circuit appeal ..............................................................................................8

    d.   The two claims on which Judge Eighmy achieved a defense verdict had a common core of facts to the seizure claim on which the Rockett Plaintiffs prevailed .................9

    e.   Plaintiffs could not find local civil rights counsel .......................................................10

    f.   Plaintiffs should receive current hourly rates for their counsel ..................................11

    g.   Alleged calculation errors or omissions.......................................................................11

III.  Conclusion and Prayer .......................................................................................................12

# Table of Authorities

*Ackerley Commc'ns, Inc. v. Salem,* 752 F.2d 1394 (9th Cir. 1985)..................................7

*Alyeska Pipeline Service Corp v. Wilderness Society,* 421 U.S. 240 (1975).............. 7-8

*Ark. Cmty. Orgs. for Reform Now v. Ark. State Bd. of Optometry,* 468 F. Supp. 1254 (E.D. Ark. 1979) ........................................................................................................2, 7

*Barnes v. City of Cincinnati,* 401 F.3d 729, 745 (6th Cir. 2005)....................................11

*Blanchard v. Bergeron,* 489 U.S. 87 (1989) ....................................................................6

*Bradbury v. Phillips Petrol. Co.,* 815 F.2d 1356 (10th Cir. 1987) ..................................2

*Budinich v. Becton Dickinson & Co.,* 486 U.S. 196 (1988) ............................................7

*Farrar v. Hobby,* 506 U.S. 103 (1992) ............................................................................5

*Ferguson v. Smith,* No. 3:18-CV-00372-SB, 2024 WL 1070812 (D. Or. Mar. 12, 2024) ................

*Fernandez v. St. Louis County,* 4:19-cv-01638-SNLJ (E.D. Mo. May 11, 2021) ................... 10-11

*Garcia v. Tyson Foods, Inc.,* 770 F.3d 1300, 1311 (10th Cir. 2014)................................4

*Hendrickson v. Branstad,* 934 F.2d 158, 164 (8th Cir. 1991)...........................................4

*Jaquette v. Black Hawk Cty.,* 710 F.2d 455, 458 (8th Cir. 1983) ....................................7

*Knighton v. Watkins,* 616 F.2d 795 (5th Cir. 1980) ........................................................8

*Lowry v. Watson Chapel Sch. Dist.,* 540 F.3d 752 (8th Cir. 2008) ....................5, 6, 8, 9

*Missouri v. Jenkins by Agyei,* 491 U.S. 274, 286 (1989)............................................6, 11

*Moreno v. City of Sacramento,* 534 F.3d 1106 (9th Cir. 2008) ......................................9

*Ollis v. Hearthstone Homes, Inc.,* No. 8:05-cv-119 (D. Neb. June 12, 2006)..................2

*Riverside v. Rivera,* 477 U.S. 561 (1986) .......................................................................6

*Rockett v. Eighmy,* 71 F.4th 665 (8th Cir. 2023) .......................................................8, 10

*Sampson v. Lambert,* No. 8:07CV155 (D. Neb. Mar. 31, 2014) ....................................2

*Tex. State Teachers Ass'n v. Garland ISD,* 489 U.S. 782 (1989) .................................................. 8-9

*Tolefree v. Community Blood Center of Greater Kansas City,* No. 03-1087-CV-W-GAF (W.D. Mo. July 18, 2005) ............................................................................................................. 2

*Trump v. United States,* 144 S. Ct. 2312 (2024) ........................................................................... 10

*Weems v. Tyson Foods, Inc.,* 665 F.3d 958 (8th Cir. 2011) ............................................................ 2

*White v. N.H. Dep't of Employment Sec.,* 455 U.S. 445 (1982) ..................................................... 7

**Statutes**

42 U.S.C. § 1983 ................................................................................................................. 1, 2, 7, 10

42 U.S.C. § 1988 ..................................................................................................................... *passim*

**Other Authorities**

H. Rep. No. 94-1558 (94th Congress (1976) ................................................................................... 7

S. Rep. 94-1011, Civil Rights Attorney's Fees Awards Act of 1976 (Public Law 94-559, S. 2278) ............................................................................................................................. 6, 7

S. Rep. No. 94-1011, U.S. Code Cong. & Admin. News (94th Cong., 2d Sess. 1976) .....................

I. **Motion to Strike or Exclude**

Defendant Judge Eighmy bases a significant portion of his Opposition briefing to the Rockett Plaintiffs' Motion for Fees [Doc. 176] by discussing settlement discussions at mediation. *See* Doc. 186 at 2-3, 7, 9. While the Rockett Plaintiffs do not entirely agree with Judge Eighmy's characterization of these discussions[1], and suggest that it omits other material aspects of the back and forth, all of that is beside the point. Evidence of mediation discussions violate Section IV (Confidentiality) of this Court's Mediation Assessment Program General Order.[2] That classifies mediation discussion as confidential, and prohibits its use in this proceeding, including for impeachment. The MAP General Order particularly prohibits disclosure of "any position taken and any views of the case as expressed by any participant" to the "assigned Judge." In expressly doing exactly what is prohibited, Judge Eighmy's Opposition briefing violates this Court's MAP General Order. Nor does Judge Eighmy's argument further sensible settlement policy. Parties and counsel will not engage in the candor and vulnerability required for robust, good faith mediation if their statements will later be used against them.

Mediation discussions (indeed, any compromise offers or negotiations) are also inadmissible under the "disputed claims" language of Fed. R. Evid. 408(a). No exception contemplated by Rule 408(b) applies here. That is because § 1988 fees are a "disputed claim" made by the Rockett Plaintiffs in connection with their causes of action under 42 U.S.C. § 1983. The 1972 advisory committee note to Rule 408 observes that the rule promotes "the public policy favoring the compromise and settlement of disputes." The Eighth Circuit has observed

---

[1] Judge Eighmy's discussion of mediation is not supported by any evidence, and indeed no counsel of record for Judge Eighmy involved in the mediation is either still with the Attorney General's Office or otherwise was assigned to this case at trial.
[2] The MAP General Order is on the Court's website at https://www.mow.uscourts.gov/sites/mow/files/MAP_GO.pdf (last accessed Jan. 17, 2025).

1

that when "the issue is doubtful, the better practice is to exclude evidence of compromise or compromise offers." *Weems v. Tyson Foods, Inc.,* 665 F.3d 958, 965 (8th Cir. 2011) (parenthetically quoting *Bradbury v. Phillips Petrol. Co.,* 815 F.2d 1356, 1364 (10th Cir. 1987)).

The Rockett Plaintiffs acknowledge that a line of cases exists where courts have examined settlement in analyzing fees. *See, e.g., Ollis v. Hearthstone Homes, Inc.,* No. 8:05-cv-119, at *7-8 (D. Neb. June 12, 2006); *Ark. Community Organizations v. Ark. State Bd.,* 468 F. Supp. 1254, 1258-59 (E.D. Ark. 1979). These cases involve either no evidence of actual damages, or frivolously-named defendants against whom the plaintiff does not prevail on separate issues. Those issues are distinguishable from this case. Plaintiffs' counsel always had evidence of a compensable injury, and only named the actual tortfeasor to whom immunity did not apply. Plaintiffs suggest that when as here "the issue doubtful," better practice is to exclude settlement evidence as the Eighth Circuit held in *Weems,* 665 F.3d at 965.

This case also does not fall into that narrow line of cases where a plaintiff became aware during mediation that her claims were meritless, or that the plaintiff had engaged in substantial misconduct undermining her entitlement to relief. *See, e.g., Tolefree v. Community Blood Center of Greater Kansas City,* No. 03-1087-CV-W-GAF, at *6 (W.D. Mo. July 18, 2005). Nor is the Court required to analyze setoff from a previous settlement. *See Sampson v. Lambert,* 8:07CV155, at *5 (D. Neb. Mar. 31, 2014) (analyzing setoff under state law for § 1983 claim).

The Court should strike or exclude this purported history of mediation. Alternatively, if the Court wants to review what occurred at mediation, then Plaintiffs will supplement their account of the mediation discussions upon order of the Court.

IV.     **Reply as to Fees & Costs**

Judge Eighmy's opposition argument breaks down into categories (a) – (i), opposing

either *any* attorney's fees, or requesting a substantial reduction: (a) Plaintiffs were not prevailing parties; (b) $10,000 is not an "excellent result"; (c) the verdict had no societal benefit; (d) Judge Eighmy has immunity for the claims dismissed by the Eighth Circuit; (e) Plaintiffs had limited success since they did not prevail on Counts II and III (Speech Retaliation and Substantive Due Process); (f) Plaintiffs cannot claim fees for Judge Eighmy's appeal to the Eighth Circuit; (g) Plaintiffs could find local counsel so Springfield market rates should apply; (h) Plaintiffs' fees should not receive today's hourly rates but instead past, lower rates; and (i) alleged calculation errors or omissions.

Before turning to each argument, Plaintiffs emphasizes three points that appear in Judge Eighmy's opposition briefing.

First point. Count I, on which Plaintiffs prevailed, was always a Fourth Amendment seizure claim as to the Taney County jailing in both the original and amended pleading.[3] It mirrors Count III in the original pleading, which was a Fourth Amendment seizure claim for the Louisiana jailing. Count II alleged First Amendment speech retaliation, and applied to both seizures. After the Eighth Circuit mandate, the case was only about the first seizure. Count III in the amended pleading alleged Substantive Due Process (and was Count IV in the original pleading). That applied to both seizures, and again after the Eighth Circuit mandate, then only as to the first seizure. Neither this Court nor the Eighth Circuit, at any phase of the litigation, found any pleading or evidentiary shortcomings as to any of Plaintiffs' claims—other than the immunity holding by the Eighth Circuit as to the Louisiana seizure. The claims involved a common core of facts: the jailing of children caused by Judge Eighmy. Whether that was just the

---

[3] The original pleading was amended only to reflect two developments: the Eighth Circuit mandate immunizing Judge Eighmy for the Louisiana seizure, and Kadan Rockett turning 18 years of age, and becoming a real party in interest.

3

first seizure, or also the subsequent Louisiana seizure, is irrelevant as to counsel's time expended on this case.

In other words, Plaintiffs did not pursue unrelated claims against other defendants. The Eighth Circuit has explained that a fee award "should not be reduced merely because a party did not prevail on every theory raised in the lawsuit." *Hendrickson v. Branstad,* 934 F.2d 158, 164 (8th Cir. 1991). When there are "several related legal theories based on a common core of facts," an attorney's time often is "devoted to the litigation as a whole, rather than on specific theories of relief." *Id.*

A second point. Judge Eighmy incorrectly states that Plaintiffs' counsel, in closing, asked the jury to award Plaintiff's $2 million in compensatory damages, plus a "very serious" seven-figure amount as punitive damages. Doc. 186 at 3. Judge Eighmy also states that the Court erred by submitting "multiple instructions" suggesting that the jury "must award monetary damages to Plaintiffs in order to find in Plaintiffs' favor on the seizure claim." *Id.* This misstates the record. Plaintiffs did not request a dollar value certain, but suggested a low six-figure sum for actual damages as well as a significant sum, "maybe even seven figures," in punitive damages. The Court never required the jury to find for Plaintiffs in reconsidering its verdict. Rather, the Court supplemented one additional nominal damages instruction. Indeed, the jury could have found for Judge Eighmy and returned a defense verdict upon reconsideration.

Courts have rejected docking fees based on receiving lower damages than requested in closing. *Garcia v. Tyson Foods, Inc.,* 770 F.3d 1300, 1311 (10th Cir. 2014) (rejecting the argument that "the district court should have reduced the fee award because ... the jury awarded only 8% of the damages sought by the [p]laintiffs in closing argument, and ... the fee award far exceed[ed] the damages award," explaining that the district court's finding that counsel "obtained

4

excellent results for their clients ... fell within the district court's discretion," and citing in support a decision upholding a full fee award, "even though the plaintiff obtained only about 1.3% of the damages she had requested") (citation omitted); *Ferguson v. Smith,* No. 3:18-CV-00372-SB, 2024 WL 1070812, at *23-25 (D. Or. Mar. 12, 2024) (noting in FLSA context that, given remedial purpose of the statute, "it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples").

Third point. In their fees motion, filed after the Judgment but before Defendant filed post trial motions, Plaintiffs billed two hours of time to complete post-trial briefing. Plaintiffs' time now greatly exceeds that number, but to keep things moving along Plaintiffs waive additional post-trial motion practice fees—unless, of course, Defendant appeals.

**(a) Plaintiffs are the prevailing parties**

The Rockett Plaintiffs are the prevailing parties for the purposes of § 1988, because the $10,000 judgment they received on their seizure claim "materially alter[ed] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *See Lowry v. Watson Chapel Sch. Dist.,* 540 F.3d 752, 764 n.9 (8th Cir. 2008) (quoting *Farrar v. Hobby,* 506 U.S. 103, 111-12, (1992)). All a plaintiff need do to be deemed "prevailing" is to "obtain at least some relief on the merits of his claim." *Farrar,* 506 U.S. at 111. Here, the Rockett Plaintiffs "obtain[ed] an enforceable judgment against the defendant from whom fees are sought." *Id.*

*Farrar* is essentially a personal injury suit dressed as a federal civil rights action. The *Farrar* plaintiff was a loathsome individual who abused teens and caused the death of one. *Id.* at 105-06. Critically, the *Farrar* jury answered a Special Interrogatory finding that the defendant state actor had <u>not</u> caused any damage to the plaintiff. *Id.* at 106. By contrast, here the Rockett

5

plaintiffs proved and the jury found (as an element of the jury instructions) that the Rockett children suffered an "actual injury." *Id.* at 111.

### (b) Plaintiffs achieved an excellent result with societal benefits

The Rockett Plaintiffs accomplished something extraordinarily rare and significant: they held a sitting state court judge accountable for his violation of the children's constitutional rights. This will protect the rights of children going forward in acrimonious custody disputes, a commonplace in the Missouri courts and indeed courts throughout the Nation.

In many civil rights cases, dollars alone cannot accurately measure the full harm. As the Eighth Circuit has held, "damages awards do not reflect fully the public benefit advanced by civil rights litigation. Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief." *Lowry,* 540 F.3d at 764- (quoting *Riverside v. Rivera,* 477 U.S. 561, 585 (1986)). The Supreme Court too has held that "Congress 'intended that the amount of fees awarded . . . be governed by the same standards which prevail in other types of equally complex Federal litigation . . . and not be reduced because the rights involved may be non-pecuniary in nature.'" *Blanchard v. Bergeron,* 489 U.S. 87, 95 (1989) (quoting S. Rep. No. 94-1011, at 6). A § 1988 fee award "grants the successful civil rights plaintiff a fully compensatory fee, comparable to what is traditional with attorneys compensated by a fee-paying client." *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 286 (1989) (internal citations and quotations omitted).

Judge Eighmy repeatedly compares the size of the verdict with the amount of fees sought, suggesting that the Rockett children are akin to the loathsome teen abuser and murderer Joseph Farrar. *See, e.g.,* Doc. 186 at 9-11. Judge Eighmy misstates the legal relationship between damages and attorneys' fees, conflating these independent concepts into some sort of

6

comparative analysis.  A fees motion is not about damages under 42 U.S.C. § 1983.  "Unlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action."  *White v. N.H. Dep't of Employment Sec.,* 455 U.S. 445, 452 (1982).

Damages compensate parties for harms suffered; fees pay lawyers for their work accomplished.[4]  *See Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 200 (1988) (fee "award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action" (internal citation omitted)).  Congress recognized that difference, and that attorneys' fees were required *especially* in cases where damages play little role.  *See, e.g.,* H. Rep. 94-1558, at 8-9 ("awarding counsel fees to prevailing plaintiffs in such litigation [where damages are limited] is particularly important and necessary if Federal civil and constitutional rights are to be adequately protected.").  Attorneys' fees are thus part of the government actor's accountability in civil rights actions.

Attorney's fees under § 1988 are thus not only an added burden to encourage voluntary compliance, but an entitlement to a prevailing party which encourages and facilitates access to the courts.  § 1988 was enacted for the very purpose of influencing governmental actors to make thoughtful efforts to avoid civil rights violations.  *Ackerley Commc'ns, Inc. v. Salem,* 752 F.2d

---

[4] The Rockett Plaintiffs, in bringing this action, are the very kind of private attorneys general contemplated by § 1988.  *See, e.g., Jaquette v. Black Hawk Cty.,* 710 F.2d 455, 458 (8th Cir. 1983) ("The amendment was enacted to encourage plaintiffs, acting as private attorneys general, to sue to enforce important public policies and rights embodied in our civil rights laws.").  "[T]he purpose of the Attorney's Fees Act was to ensure that individual plaintiffs, as 'private attorneys general,' be able to assert and vindicate their civil rights in the courts." *Ark. Cmty. Orgs. for Reform Now v. Ark. State Bd. of Optometry,* 468 F. Supp. 1254, 1257 (E.D. Ark. 1979) (quoting S. Rep. No. 94-1011, U.S. Code Cong. & Admin. News pp. 5908, 5909-13 (94th Cong., 2d Sess. 1976)).  The Attorney's Fees Act, 42 U.S.C. § 1988, exists, in fact, because attorneys were denied attorneys' fees under the "American Rule," where each side bears its own attorneys' fees unless a statute says otherwise.  *See* S. Rep. 94-1011, Civil Rights Attorney's Fees Awards Act of 1976 (Public Law 94-559, S. 2278), at 1; *accord* H. Rep. No. 94-1558, at 2 (discussing *Alyeska Pipeline Service Corp v. Wilderness Society,* 421 U.S. 240 (1975)).

7

1394, 1398 (9th Cir. 1985) (citation omitted).

The jury sent a note to the Court asking about who pays actual and punitive damages. The Court responded that it could not answer that question, and that that "the answer to neither question should alter" the verdicts. Given that the jury deliberated for over four hours, a reasonable inference is that the damages verdict may have been lower because some jurors believed that Judge Eighmy would have to pay the judgment out of his government salary. "If indeed the defendants have modest means, they have an obligation to conserve the time of both their own, and opposing, counsel." *Knighton v. Watkins,* 616 F.2d 795, 800 (5th Cir. 1980). That does not mean even frugal defendants have to cave without struggle. "Defendants are not required to lie supine when unmeritorious claims are presented. They are entitled to resist vigorously. The right to determined contest, however, has a concomitant duty: the obligation to pay reasonably for the effort that a defense exacts from opposing counsel if the claim proves to be meritorious." *Id.* at 799.

**(c) The Eighth Circuit appeal**

Judge Eighmy filed an interlocutory appeal to the Eighth Circuit, which partially affirmed and partially reversed this Court's denial of his motion to dismiss asserting judicial immunity. The appeal analyzed the two prongs of that immunity doctrine: function and subject-matter jurisdiction. The Rockett Plaintiffs as Appellees mounted a vigorous response, marshalling three *amici* from national public interest organizations to their support. One page and a half of that nine-page opinion is spent on the Pick Up Order that caused the Louisiana seizure. *Rockett v. Eighmy,* 71 F.4th 665, 672-73 (8th Cir. 2023). The common core of facts, and related legal theories, indicate that "the expenditure of counsel's time was reasonable in relation to the success achieved." *Lowry,* 540 F.3d at 765 (quoting *Tex. State Teachers Ass'n,* 489 U.S. at 789-

8

90). In other words, the appeal is compensable because counsel's time spent on it was reasonable. The Rockett Plaintiffs note that Judge Eighmy does not identify any particular time entry or particular hours that he claims was unreasonable.

### (d) The two claims on which Judge Eighmy achieved a defense verdict had a common core of facts to the seizure claim on which the Rockett Plaintiffs prevailed

The seizure claim involved the same common core of facts as the speech retaliation and substantive due process claims. As such, time spent on those two claims is compensable. *Lowry,* 540 F.3d at 765. Generally, a plaintiff's civil rights lawyer has no incentive to invest unnecessary time in a case. Rare is the case where the plaintiff churns the file simply to inflate fees. Indeed, the plaintiff's lawyers may not have won their client's case if they had not worked hard:

> It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical civil rights case where the plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.

*Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008).

The Rockett Plaintiffs and their counsel were not slackers. They were not "churning" when they asserted the two claims on which they lost. Judge Eighmy argues that only one claim out of four was remanded by the Eighth Circuit to this Court. Doc. 186 at 15 (Caption ii). That is procedurally incorrect. The entire case was remanded, but with immunity as to the second seizure, thereby knocking out only one out of the four claims in the original pleading.

Judge Eighmy also argues for the American Rule to be applied. The Rockett Plaintiffs can find no Supreme Court or Eighth Circuit § 1988 fees case that supports the proposition that this Court should apply the American Rule to a civil rights case.

9

The Rockett Plaintiffs made good faith arguments that the Louisiana seizure was admissible evidence with a limiting instruction based on Justice Barrett's concurrence and Justice Sotomayor's dissent in *Trump v. United States,* 144 S. Ct. 2312, 2355, 2369 (2024) (discussing rules of evidence and immune acts). Although this Court did not accept that argument, it had merit and was reasonably proffered to advocate for the Plaintiffs' interests.

Under the language of § 1988(b), attorney's fees are not compensable against a judicial officer for "an act or omission taken is such officer's judicial capacity … unless such action was clearly in excess of such officer's jurisdiction." But under the law of the case and the mandate rule, the Eighth Circuit has already held that Judge Eighmy was not functioning as a judge "in his judicial capacity" where he took the children to the Taney County holding cells. "[J]udges do not do double duty as jailers." *Rockett,* 71 F.4th at 672.

### (e) Plaintiffs could not find local civil rights counsel

Judge Eighmy argues that the Rockett Plaintiffs could find local counsel since he hired a Springfield attorney named Ted Von Willer. But Mr. Von Willer is a family law attorney who appeared in Judge Eighmy's court on the custody case, not a civil rights lawyer who practices in the federal courts. Similarly, Richard Schnake and Doug Frederick were hired to file a writ of prohibition in the Missouri appellate courts. Mr. Rockett's declaration does not "contradict itself," as Judge Eighmy argues, but rather establishes that Mr. Rockett could not find any local counsel who practices § 1983 civil rights law, and would litigate this case in this Court..

Judge Eighmy ignores that all three of his own counsel at trial came from Kansas City, and that at no stage of this litigation were any of his counsel local to the Missouri Attorney General's Office in Springfield. He ignores Messrs. Eastwood and Schock's awarded rates of $475 and $575 respectively in May 2021. *Fernandez v. St. Louis County,* 4:19-cv-01638-SNLJ

10

(E.D. Mo. May 11, 2021). He ignores their improvement and subsequent accomplishments since then. Judge Eighmy does not identify how or why he lands at $450 for Mr. Eastwood and $390 for Messrs. Schock and Hoell.

**(f) Plaintiffs should receive current hourly rates for their counsel**

Judge Eighmy argues that fees should be awarded based on historic, lower rates. But the Supreme Court has held that the appropriate rate is each attorney's current hourly rate at the time of the fee petition, rather than the attorneys' historic hourly rates as they naturally increased over the course of the litigation. *See Jenkins by Agyei,* 491 U.S. at 283-84 (recognizing that "compensation received several years after the services were rendered . . . is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed," and therefore holding that "an appropriate adjustment for delay in payment—whether by the application of current rather than historic hourly rates or otherwise—is within the contemplation of (section 1988)"); *see also Barnes v. City of Cincinnati,* 401 F.3d 729, 745 (6th Cir. 2005). This requirement simply reflects the dual realities of inflation and the time value of money.

**(g) Alleged calculation errors or omissions**

Judge Eighmy makes various allegations of calculation errors or omissions. He states that Mr. Schock did not present any detailed breakdown for his time and fees. But that's not the case. Mr. Schock's records follow his Affidavit. *See* Doc. 176-4 at ECF pp. 10-15. That is clearly itemized based on Mr. Schock's contemporaneous method of timekeeping, which Mr. Schock discussed in his Affidavit.

Judge Eighmy states that the Bill of Costs has a miscalculation as to its total of $9,319.10. But the receipts reflect the breakdown of taxable costs as follows:

6/16/21      $ 402.00      Filing fee for Complaint

| | | |
|---|---|---|
| 3/8/24 | $4,672.85 | Lexitas, Eighmy video depo |
| 3/11/24 | $1,229.00 | Lexitas, Rockett family depos x3 (Bart, Kadan, B.R.) |
| 5/16/24 | $ 166.80 | Lexitas, Kurtz depo |
| 5/17/24 | $ 369.55 | Lexitas, Ballard depo |
| 5/21/24 | $1,953.80 | Esquire, Rea and Baker part I depos |
| 5/25/24 | $ 462.60 | Jane Rich, Dr Baker part 2 depo |
| 7/1/24 | $. 536.50 | Jane Rich, Gillum and Carter |
| TOTAL | $9,391.10 | |

The Rockett Plaintiffs are not claiming meals. They acknowledge that they submitted an American Express credit card statement that does include some charges, such as meals, which Plaintiffs are not claiming. *See* Doc. 176-12 at ECF p. 3. Plaintiffs apologize for any confusion that the statement includes both claimed charges and unrelated charges. The cost of those meals is not in the total, and never has been in the total.

Finally, the California court receipt is for certified copies of documents from the Rockett custody case file, obtained in anticipation that Judge Eighmy would have objected at trial to an exhibit from the California court that was not certified by that court's clerk. This was Exhibit P16 on Plaintiffs' Exhibit List, and was reasonable to include in the ordinary course of litigation.

### V. Conclusion and Prayer

The Rockett Plaintiff prevailed with meaningful relief in a hard-fought litigation that gained national attention, generated a significant Eighth Circuit opinion on judicial immunity, and resulted in a Plaintiff's verdict of $10,000. They have prevailed, and are entitled under § 1988 to their attorney's fees and non-taxable costs and expenses. Similarly, their taxable Bill of Costs is properly supported.

WHEREFORE the Rockett Plaintiffs pray this Court for an award under 42 U.S.C. § 1988 for their fees and out-of-pocked non-taxable costs and expenses of **$418,830.72.** This amount is reasonable given the history of this matter, its duration and complexity, and the immunities and defenses asserted by Judge Eighmy.

Dated: January 23, 2025

Respectfully submitted,

*Counsel for Plaintiff D. Bart Rockett as next friend of his minor child B.R. and Plaintiff Kadan Rockett*

/s/ Hugh A. Eastwood
Hugh A. Eastwood, 62058MO
Attorney at Law
8112 Maryland Ave., Suite 400
St. Louis, Missouri 63105-3700
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 228 0107 eFax

/s/ W. Bevis Schock
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO 63105
wbschock@schocklaw.com
Fax: 314-721-1698
Voice: 314-726-2322

/s/ Christopher R. Hoell
Christopher R. Hoell, 54011MO
Law Office of Chris Hoell
7911 Forsyth Blvd., Suite 300
Clayton, MO 63105
Phone: (314) 441-6559
E-mail: crh@hoell-law.com

## Certificate of Service

The undersigned certifies that on January 23, 2025 that (s)he filed this document with the District Clerk to be served on all counsel of record by operation of this Court's CM/ECF system.

*/s/ Hugh A. Eastwood*