**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **D. BART ROCKETT, as next friend of his minor children, K.R. and B.R,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No. 6:21-cv-03152-MDH** |
| **THE HONORABLE ERIC EIGHMY,** | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Defendant's Motion to Alter or Amend Judgment (Doc. 181) and Motion for Judgment as a Matter of Law. (Doc. 182).

**Motion for Judgment as a Matter of Law.**

At the close of Plaintiffs' evidence Defendant orally moved for judgment as a matter of law. The Court heard argument and denied the motion. At the close of Defendant's evidence Defendant again raised a motion for judgment as a matter of law and the Court again heard oral argument. The Court denied the motion. Defendant's current motion raises no new arguments for the Court to consider. The Court hereby **DENIES** the motion for judgment as a matter of law for the reasons previously stated in the record. (Doc. 182).

**Motion to Alter or Amend Judgment.**

Rule 59(e) empowers the Court to issue remitturs or alter or amend judgment. An aggrieved party may file a motion to alter or amend the judgment within 28 days of the judgment's entry. *Mecey v. City of Farmington*, No. 4:19-cv-1526, 2021 WL 38018 (E.D. Mo. Jan. 5, 2021); Fed. R. Civ. P. 59(e). Rule 59(e) motions to "alter or amend judgment serve the limited function of

correcting manifest errors of law or fact[.]" *Id*. "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)[.]" *United States v. Metro. St. Louis Sewer Dist*., 440 F.3d 930, 933 (8th Cir. 2006).

The jury found for Plaintiffs on their Fourth Amendment claims of unreasonable seizure and initially found the damages Plaintiffs suffered were "none." After the jury made this determination, Plaintiffs made an oral motion that the verdict was inconsistent. Pursuant to the jury instructions on unreasonable seizure to find in favor of Plaintiff the jury must find "as a direct result, plaintiff… was damaged" as the third element. However, if the jury found Plaintiffs were not damaged then a verdict in favor of Defendant would be appropriate.

Plaintiffs requested that the jury be given an instruction on nominal damages. Counsel for Defendant stated: "we're fine with the nominal damage instruction given, Your Honor." Later, in discussing how to send the verdict forms back to the jury (either new forms or the old ones that could be changed by interlineation), defense counsel stated: "our record is that when a nominal damages is not request nor objected to when a damage instruction are given and they don't award damages, therefore the plaintiff would not be the prevailing party. It's kind of in addition to what I've already argued…" However, no prior argument had been made on this issue.

The Court instructed the jury:

> I have just what I absolutely know you guys want, and that's more instructions. So I need you to go back to the jury room and I'm going to give you your verdicts back and some additional instructions. I want you to review Instruction 19, paragraph third and reconsider what verdict you may want to enter. Then I need you to review Instruction No. 29, paragraph third and reconsider what verdict you want to enter.
>
> You may not enter a verdict for plaintiffs on the seizure claims unless you find they incurred damage; however, you may award nominal damages that are described in the instructions I'm about to read to you.

> Instruction No. 21. "If you find in favor of plaintiff under Instruction 19 but you find the plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of one dollar."
>
> Instruction No. 32-1. "If you find in favor of the plaintiff under Instruction No. 29 but you find that plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of one dollar."
>
> So if you'll read those two instructions and then decide what if any change you want to make in your verdict based on those additional instructions and my note. When you do, if you make a change, you can write it right on the same two verdicts we had before. And I want the change to be initialed by the foreperson, but again it needs to be unanimous. All right?

The jury went back to deliberate and then awarded Plaintiffs $5,000 each for their Fourth Amendment claims. Defendant argues Plaintiffs' request for a nominal instruction was untimely and because the jury had already issued a verdict consistent with the original jury instructions the Court should reduce Plaintiffs' damages back to the initial verdict of $0 or, alternatively, $2.

The jury instructions clearly state that the third element of the unreasonable seizure claim was that Plaintiffs were damaged. In order for the jury to find in favor of Plaintiffs they had to find damages. Because the jury initially found in favor of Plaintiffs but awarded zero damages the initial verdict was inconsistent. "It is the court's duty to harmonize inconsistent verdicts, viewing the case in any reasonable way that makes the verdicts consistent." *Anheuser-Busch, Inc. v. John Labatt, Ltd.*, 89 F.3d 1339, 1347 (8th Cir. 1996).

As a result, and after discussion from counsel, the jury was sent back with the nominal award instruction. At that time, the jury could have found in favor of Defendant if they found no damages. This was clearly set forth in the instructions. The jury could have also awarded nominal damages pursuant to the new instruction. Instead, the jury awarded $5,000 each in damages to both Plaintiffs. This verdict was consistent with the original finding in favor of Plaintiffs, that they had

suffered damages. The Court finds no manifest error that requires an amendment to the judgment. The motion is denied.

In addition, Defendant argues "under Federal Rule of Civil Procedure 51, a party waives the right to request an instruction if the party does not request the instruction before the jury retires." *Miller v. Albright*, 657 F.3d 733, 735 (8th Cir. 2011). An objection to a jury instruction is timely only if a party objects to the opportunity provided under Rule 51(b)(2). Fed. R. Civ. P.Fed. R. Civ. P. 51(c)(2)(A). The Court must give the parties an opportunity to object on the record and out of the jury's hearing before the instructions and arguments are delivered." Fed. R. Civ. P. 51(b)(2). "Rule 51 'helps to prevent litigants from ensuring a new trial in the event of an adverse verdict by covertly relying on the error.'" *Riggs v. Gibbs*, 66 F.4th 716, 719 (8th Cir. 2023).

Defendant cites to *Miller* stating attorneys face "the tactical dilemma that occurs when a plaintiff is forced to choose between asking for only compensatory damages and risking a zero-dollar verdict, on one hand, or requesting a nominal damages instruction and giving the jury an easy 'out' on the other hand." *Miller*, 657 F.3d at 738. Defendant contends here, like the *Miller* plaintiff, Plaintiffs "neither requested a nominal damages instruction nor objected to the damages instructions or the verdict form at the instructions conference."

In *Miller,* the jury entered a verdict for the plaintiff on the unlawful entry claim. The jury, however, wrote "none" on the damages line of the verdict form. After the verdict was read, but before the jury was discharged, counsel for plaintiff approached the bench and requested that the district court direct the jury to award nominal damages. The Court denied the request. Plaintiff then filed a motion to alter or amend the judgment to include an award of nominal damages, but that motion was also denied. *Miller v. Albright*, 657 F.3d at 735. The Eighth Circuit affirmed the decision that the district court did not plainly err in denying Plaintiff's motion to alter or amend

the judgment to award nominal damages. In *Miller,* the plaintiff waived his right to appeal any error in the jury instructions and verdict form because he failed to object to them. Further, the case involved an unlawful entry violation.

Here, the facts are different. The parties engaged in a discussion about an inconsistent verdict. The jury had found that Plaintiffs were damaged but then entered none as the damages amount. Unlike in *Miller,* in discussing the options available, counsel for Defendant stated: "we're fine with the nominal damage instruction given." Then, after the jury was sent back to deliberate, the jury again found Plaintiffs were damaged, but this time awarded an amount of $5,000. The jury could have found in favor of the Defendant, could have entered an award of nominal damages, or award damages as they did.

In *Miller,* the Eight Circuit noted a split in circuits on an exception to Rule 51(c)(1). The First Circuit has held: "a plaintiff may request the judge to instruct the jury on nominal damages, or in the absence of such an instruction, may ask the trial court for nominal damages on the occasion of, or immediately after, the return of the verdict." *Id.*, citing *Azimi v. Jordan's Meats, Inc.*, 456 F.3d 228, 240 (1st Cir. 2006). However, other circuits have declined to do so. *Id.*, citing *Oliver v. Falla*, 258 F.3d 1277, 1282 (11th Cir.2001) (holding that the right to nominal damages for Eighth Amendment violations can be waived if such damages are not timely requested); *Piaubert v. MacIntosh*, 10 Fed.Appx. 503 (9th Cir.2001) (unpublished opinion) (holding that the right to nominal damages was waived in a breach of duty action when plaintiff failed to raise the issue of nominal damages until after the verdict); *Salazaar v. Encinias*, 242 F.3d 390 (10th Cir.2000) (unpublished table decision) (holding that plaintiff waived the right to nominal damages in an excessive force case because nominal damages were not requested until after the verdict); *Alexander v. Riga*, 208 F.3d 419, 429 (3d Cir.2000) (holding that the right to nominal damages for

race discrimination claims can be waived if such damages are not timely requested); *Sims v. Mulcahy*, 902 F.2d 524, 536 (7th Cir.1990) (holding that plaintiff's failure to timely challenge jury instruction regarding nominal damages on an unlawful entry claim waived her right to raise the issue on appeal). In *Miller,* the Eighth Circuit stated that the facts of the case did not warrant consideration of whether an exception to Rule 51 should be adopted. *Id.* at 738.

Defendant argues Plaintiffs' request for an instruction on nominal damages after the jury awarded them no damages was untimely and, thus, waived. Defendant states when the jury initially awarded Plaintiffs $0 in damages, the jury unambiguously found that Plaintiffs suffered no compensable damages. Citing *Corpus v. Bennett*, 430 F.3d 912, 916 (8th Cir. 2005). As a result, Defendant moves the Court to reduce Plaintiffs' award to the amount the jury initially found Plaintiff to have shown themselves entitled: $0.

However, as previously discussed, an element of the verdict was a finding that Plaintiffs suffered damage. As a result, the initial verdict was inconsistent. Defendant did not object to Plaintiff's argument that the verdict was inconsistent. The Court finds no basis to alter or amend the judgment.

Wherefore, for the reasons stated herein, the Court **DENIES** Defendant's Motion to Alter or Amend Judgment (Doc. 181).

**IT IS SO ORDERED.**

DATED: March 6, 2025

***/s/ Douglas Harpool***
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**