IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **D. BART ROCKETT,**<br>**as next friend of his minor children,**<br>**K.R. and B.R,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**THE HONORABLE ERIC EIGHMY,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 6:21-cv-03152-MDH** |

**ORDER**

Before the Court is Plaintiffs' Motion for Attorney's Fees and Non-Taxable Costs. (Doc. 176). Plaintiffs move for an Order awarding reasonable attorneys' fees and costs against Defendant as a prevailing party under 42 U.S.C. §1988.

Plaintiffs' Complaint initially asserted four claims: Count I: Fourth Amendment seizure for the Taney County jailing; Count II: First Amendment retaliation for the Taney County jailing; Count III: Fourth Amendment seizure for the Louisiana jailing; and Count IV: Substantive Due Process, Taney County and the Louisiana jailings.

Initially, this Court denied Judge Eighmy's motion to dismiss based on judicial immunity. On appeal, the Eighth Circuit affirmed the Court's denial of judicial immunity as to the Taney County events but reversed this Court's decision with regard to any claims arising out of the Louisiana jailing. On remand, Plaintiffs amended their complaint to include: Count I – Unreasonable Seizure, Taney County Jailing; Count II – Retaliation for Exercise of First Amendment Rights; Count III – Due Process violation in Taney County, Missouri. Plaintiffs

dropped any claims arising out of the Louisiana events. The amended Complaint also added Kadan Rockett as a party in his own right, since he had turned 18 years of age.

At trial, the jury was presented with three counts against Defendant: the Fourth Amendment seizure; the First Amendment retaliation; and the Substantive Due Process violation. The jury found in favor of Plaintiffs on the count of unreasonable seizure and in favor of Defendant on the other two counts. The jury ultimately returned a verdict of $5,000 for each child on the Fourth Amendment seizure claim. The jury did not award punitive damages.

Plaintiffs' counsel now moves the Court for an award of **$418,830.72**. Defendant has filed his opposition arguing the Court should deny an award of attorney fees in the entirety or alternatively disallow all fees after the mediation and reduce pre-mediation fees by a substantial percentage to reflect the extremely underwhelming degree of any perceived "victory."[1]

**STANDARD OF REVIEW**

The district court has discretion to award reasonable attorney's fees to a party who prevails in a claim filed under 42 U.S.C. § 1983. See 42 U.S.C. § 1988(b). In a § 1983 case, the Court "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). A party is a prevailing party under § 1988 if he succeeds on any significant issue in the case "which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoted case omitted); see *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (a prevailing party is one who obtains "at least some relief on the merits of his claim").

[1]The Court notes Defendant's long citation to cases in support of its argument that even if a plaintiff technically "prevails" under § 1988 there are scenarios where the Court should order no attorneys' fees. See Doc. 186, pp. 9-10. The Court does not find this case to be one of those scenarios.

## DISCUSSION

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S. Ct. 1933, 1939–40, 76 L. Ed. 2d 40 (1983). The "lodestar" method of determining a fee award "focuses on 'the significance of the overall relief obtained by the plaintiff in relation to the hours actually expended on the litigation.'" *Jensen v. Clarke*, 94 F.3d 1191, 1203 (8th Cir. 1996) (internal citation omitted). In addition, when determining hourly rates, "courts may draw on their own experience and knowledge of prevailing market rates." *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005) (internal citation omitted).

The Court finds that Plaintiffs are prevailing parties. While Defendant argues that the Court should deny attorneys' fees in the entirety the Court finds Plaintiffs did ultimately prevail in this case. The Court also takes into account that Plaintiffs did not prevail on all of their claims. As the Eighth Circuit held, Plaintiffs' claims based on events that occurred in Louisianna were entitled to judicial immunity. In addition, the jury returned a verdict in favor of Defendant on two of the claims. Therefore, while the Court finds Plaintiffs are prevailing parties, they certainly did not prevail on all the claims that were initially brought in this case. The Court has taken this into account in its analysis of the fee award.

With regard to the hours expended, there is no precise rule or formula for making a determination of an attorney's fees award. *Hensley v. Eckerhart*, 461 U.S. at 436. The Court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Id.* at 436-37. Hours that are excessive, redundant or otherwise unnecessary are not to be included in an award of fees. *Id.* at 434.

The Court has reviewed Plaintiffs' motion and finds that a reduction of the fees is reasonable to account for the limited success of the Plaintiffs. Plaintiffs did not prevail on several of their claims. The fees requested are disproportionate (40 times higher) to the modest relief granted their clients by the jury. The relief granted was approximately 1% of that requested by Plaintiffs' counsel in closing argument.

The Court has reviewed the record before it and has also drawn on its own experience and knowledge of prevailing rates for attorney fees in the community. The Court finds reducing the hourly rates of the attorneys to $475 for Mr. Eastwood and Mr. Schock and $375 for Mr. Howell are reasonable. The Court further uses its discretion to reduce the overall fee by 10%. The Court has not specifically found that any hours should be eliminated. Instead, the Court has reduced the hourly rate and the overall fee requested to arrive at a reasonable attorney fee award based on the circumstances in this case.

Finally, the Court has reviewed Plaintiffs' requested costs for mileage, hotel, and other expenses and finds they are reasonable.

## DECISION

Wherefore, the Court hereby **GRANTS** Plaintiff's Motions for Attorney's Fees as set forth herein. However, the Court reduces the total award requested by Plaintiff. Plaintiff is hereby awarded attorney's fees, litigation expenses and costs in the amount of **$326,637.22.**

**IT IS SO ORDERED.**

DATED: March 6, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**